FLORENCE McPHERSON, Respondent, *v.* PATRICK ROLLINS et al., Impleaded, etc., Appellants.

D., for the purpose of making a provision for F., a daughter, and two grandchildren, conveyed to her certain premises, she executing to him a mortgage thereon, which stated that it was given as security, among other things, for the payment to him or to the general guardian of plaintiff, one of the granddaughters of D., of the sum of $50 annually for the benefit of plaintiff until she should arrive at the age of fifteen, and thereafter the further sum of $100 until she should arrive at the age of twenty-one. The deed and mortgage were recorded. Thereafter D., at the request of F., and without consideration, executed a certificate of satisfaction of the mortgage which was recorded, and a memorandum was made in the margin of the record of the mortgage to the effect that it was discharged of record. Subsequently the premises were conveyed by F. for a full and valuable consideration, the grantee having no actual notice of the execution of the mortgage. In an action to foreclose the mortgage, *held,* that a valid and irrevocable trust was created thereby, and as the same

had in no way been renounced by the *cestui que trust*, the discharge was in contravention of the trust and was, therefore void.

Also, *held*, that the grantees were chargeable with notice that plaintiff had a beneficial interest under the mortgage, and that the satisfaction thereof was an act not in the execution of the trust and was beyond the power of the trustee.

*Field* v. *Schieffelin* (7 J. Ch., 150) distinguished

(Argued October 12, 1887; decided November 29, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1885, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The action was for the foreclosure of a mortgage made by one Fannie Gray, the material portions of which are hereinafter set out.

Andres Deming, Ida McPherson, an infant, and Michael and Patrick Rollins, with others, were made defendants. The Messrs. Rollins answered, claiming title as purchasers in good faith and for a valuable consideration. Ida McPherson submitted her rights to the court asking that her interest be adjudged. The issues were tried before a referee, who found that Deming, with the purpose of providing for his two daughters and their children, made a division of his real estate and conveyed the part now in question to his daughter Fannie Gray; that as part of the same transaction she executed to him a mortgage upon that part, reciting that the grant was "intended as a security for the payment of the sum of two hundred and fifty dollars annually to said Deming for and during his natural life on or before the fifteenth day of May in each year thereof, reckoning from the date of this mortgage, and for the further payment of the further sum of fifty dollars annually to said Deming, or to the general guardian of Florence McPherson (the plaintiff) on or before the fifteenth day of May in each year hereafter for the benefit of said Florence, until the said Florence shall arrive at the age of fifteen years, and thereafter the further sum annually to said Deming or guardian of one hundred

dollars, payable on or before the fifteenth day of May in each year until the said Florence shall arrive at the age of twenty-one years, for the benefit of said Florence, and for the further payment of the further sum of fifty dollars annually to the said Deming, or to the general guardian of Ida McPherson, on or before the fifteenth day of May in each year hereafter, for the benefit of said Ida, until the said Ida shall arrive at the age of fifteen years, and thereafter the further sum annually to said Deming or guardian of one hundred dollars, payable.on or before the fifteenth day of May in each year, until the said Ida shall arrive at the age of twenty-one years, for the benefit of said Ida, said Florence and Ida being the grand-daughters of said Deming, the said Florence being fourteen years of age April 1, 1873, and the said Ida eleven years of age October 10, 1872;" that the deed and mortgage were recorded in the proper clerk's office on the 21st day of July, 1873, and thereafter and until the 16th day of February, 1875, were in the custody of Mrs. Gray; that in February, 1874, Deming, at the request of Mrs. Gray, and without payment or other consideration, executed and acknowledged a certificate of satisfaction of the mortgage, and it was recorded on the 9th of February, 1874, and a memorandum noted in the margin of the record of the mortgage as " discharged on record of discharges of mortgages, page 470;" that thereafter the premises were duly conveyed by or under the authority of Mrs. Gray to the defendants for a full and valuable money consideration paid by them.

The referee found, " as a question of fact and law, that by the proceedings of the fourteenth of July above mentioned, and the delivery and execution of the deed and mortgage of that date, an irrevocable trust for the benefit of the plaintiff and her sister Ida was created and declared in the condition of the mortgage in suit; that Deming, the trustee, had no power to annul or change the condition of the trust; that the discharge of the 6th February, 1874, above referred to, was, therefore, as to said trust and the interests of the beneficiaries, unauthorized and void;" and, as a fact, " that the Rollins, defendants, prior to and at the time of their purchase as above

stated, had no actual notice of the existence of the mortgage
of Mrs. Gray to Charles Deming, as a subsisting lien or incum-
brance upon the premises therein described. But did find as
a question of law and fact that they then had constructive
notice, or notice sufficient to put them on inquiry as to that
fact which they were bound to regard; that no part of the
annuity to the plaintiff or Ida had been paid," and gave judg-
ment of foreclosure according to the prayer of the complaint.

*E. A. Nash* for appellants. As trustee of an express trust,
Deming had the entire legal and equitable estate in the trust
property. (1 R. S. 729, § 60; Perry on Trusts, §§ 225, 321,
334, 613, 814; *Bunn* v. *Vaughan*, 1 Abb. Ct. App. Dec.
253; *Emerson* v. *Bleakley*, 2 id. 27; *Mabie* v. *Bailey*,
95 N. Y. 206; *Boone* v. *Cit. Savgs. Bk.*, 84 id. 83; *Field* v.
*Schieffelin*, 7 Johns Ch. 150; Schouler's Dom. Rel. § 239;
*Wilkes* v. *Rodgers*, 6 Johns. 566; *In re Bostwick,* 4 Johns.
Ch. 100; *Swartout* v. *Swartout*, 7 Barb. 354; *Far. L. & T.
Co.* v. *Walworth*, 1 N. Y. 433.) The plaintiff is not the owner
of the mortgage, and, therefore, cannot maintain this action.
(*Bunn* v. *Vaughan*, 1 Abb Ct. App. Dec. 253; *Emerson* v.
*Bleakley*, 2 id. 22; Hill on Trustees, 512; *Field* v. *Schieffelin*,
7 Johns. Ch. 150.) If a trust was not created with a legal
title vested in Deming, as trustee, for the purposes of the
trust, the provision of the mortgage must be regarded as an
intended gift to the donees; in which case, the mortgage not
having been delivered to the donees, it was utterly void.
(*Young* v. *Young*, 80 N. Y. 422; *Trow* v. *Shannon*, 78
id. 446; *Martin* v. *Funk*, 75 id. 134.)

*A. J. Abbott* for respondent. The deed and mortgage,
taken together, created a valid express trust in favor of the
plaintiff and her sister Ida. (*Mabie* v. *Bailey*, 95 N. Y. 206;
*Martin* v. *Funk*, 75 id. 134, 139; *Smith* v. *Lee*, 2 T. & C.
591; Perry on Trusts, §§ 38, 96, 98, 100, 106; *Willis* v.
*Smyth*, 91 N. Y. 297; 1 Hilliard on Mortg. 531; *Wallace*
v. *Burdell*, 95 N. Y. 13, 25; *Darling* v. *Rogers*, 22 Wend.
491; 3 R. S. § 55; *Young* v. *Young*, 80 N. Y. 438; Hill on

Trusts, 130.) If a valid trust was created, then it was clearly an irrevocable trust. (*Mabie* v. *Bailey*, 95 N. Y. 206 ; *Martin* v. *Funk*, 75 id. 134 ; *Lee* v. *Smith*, 2 T. & C. 591 : *Douglass* v. *Cruger*, 80 N. Y. 15 ; *Sonnerby* v. *Arden*, 1 Johns. Ch. 240 ; *Meiggs* v. *Meiggs*, 15 Hun, 453 ; *Thebaud* v. *Schermerhorn*, 61 How. Pr. 200 ; *Wallace* v. *Burdell*, 97 N. Y. 13, 25 ; Perry on Trusts, §§ 96, 98, 100, 104, 105, 106, 466.) The trust being expressed in the instrument creating it, any sale, conveyance or other act of the trustee in contravention of such trust would be absolutely void. (3 R. S. [5th ed.] 22, §§ 84, 128 ; *Cruger* v. *Jones*, 18 Barb. 476 ; *Douglass* v. *Cruger*, 80 N. Y. 15 ; *U. S. Trust Co.* v. *Roche*, 41 Hun, 549 ; *Lahens* v. *Dupasseur*, 56 Barb. 266 ; *Allen* v. *Dewitt*, 3 Comst. 276 ; *Pendleton* v. *Fay*, 2 Paige Ch. 201 ; Perry on Trusts, § 334 ; *Brewster* v. *Carnes*, 103 N. Y. 562.) The trust in question was a completely executed trust. (Perry on Trusts, § 359 ; Hill on Trustees, mar. pg. 83 ; *Martin* v. *Funk*, 75 N. Y. 134 ; Leading Cas. in Eq. [H. & W. Notes] 60, 61 ; *Hayes* v. *Kershaw*, 1 Sandf. Ch. 261 ; Story's Eq. Jur. §§ 433, 987 ; *Dupree* v. *Thompson*, 4 Barb, 280 ; *Van Cott* v. *Prentice*, 104 N. Y. 45.) An executory trust created upon a meritorious consideration is good in equity. (*Hayes* v. *Kershaw*, 1 Sandf. Ch. 261 ; Hill on Trustees [Am. ed.] 129, note 1.) No notice of the creation of the trust to the beneficiaries, and formal acceptance by them, was essential to the validity to the same, as against the voluntary settlor, Deming. (Perry on Trusts, §§ 98, 105 ; Hill on Trustees, 83 m. ; *Weston* v. *Barker*, 12 Johns. 276 ; *Moses* v. *Morgantroyd*, 1 id. 119 ; *Cumberland* v. *Coddington*, 3 id. 261 ; *Martin* v. *Funk*, 75 N. Y. 134 ; *Meiggs* v. *Meiggs*, 15 Hun, 453 ; *Van Cott* v. *Prentice*, 104 N. Y. 56.) No valuable consideration is necessary where the settlor in the trust by clear and explicit declarations, duly executed and clearly intended at the time, to be final, makes himself a trustee. (*Van Cott* v. *Prentice*, 104 N. Y. 52 ; Perry on Trusts, §§ 38, 96, 100, 106 ; *Loeschigk* v. *Hatfield*, 51 N. Y. 660 ; *Dygert* v. *Remerschnider*, 32 id. 648 ; Bump on Fraud Conv.

582; *Babcock* v. *Eckler*, 24 N. Y. 623; *Cushman* v. *Addison*, 55 id. 628; *Phillips* v. *Wooster*, 36 id. 412.) The deed to Mrs. Gray and the mortgage may be considered as one instrument if necessary. (*Brumfield* v. *Bontall*, 24 Hun, 451.) Mr. Deming, as such trustee, had no authority to receive the payments before they became due, and the defendants are chargeable with knowledge of this fact. (*Smith* v. *Kidd*, 68 N. Y. 131, 141; *Geddings* v. *Seward*, 16 id. 265, 368; Perry on Trusts, §§ 466, 612, 814, 831; Hill on Trustees, 381 [Marg.]; *Swartout* v. *Swartout*, 7 Barb. 354, 367; *Walworth* v. *Far. L. & T. Co.*, 4 Sandf. Ch. 51; 1 N. Y. 33; *Doubleday* v. *Cress*, 50 id. 415; *Fellows* v. *Northrup*, 39 id. 121; *Smith* v. *Kidd*, 68 id. 141; Story on Agency, §§ 98, 99; 2 Pars. on Cont. 214; 2 Green on Ev., § 65; *Brewster* v. *Carnes*, 103 N. Y. 564; *Fellows* v. *Longyor*, 91 id. 329, 331; Redf. on Wills [3d ed.] 621, 628.) The defendants had constructive notice by the public records of the trust. (*Swift* v. *Smith*, 12 Otto, 442, 451; 26 U. S. S. C. R. 193, 196; *Lee* v. *Horton*, 104 N. Y. 541; *Youngs* v. *Wilson*, 27 id. 354; Story Eq. Jur. § 403; *Johnson* v. *Stagg*, 2 Johns. Ch. 524; *Parkest* v. *Alexander*, 1 id. 399; *Tift* v. *Munson*, 57 N. Y 97; Jones on Mortg. 557, 559; *C. Val. B'k* v. *Delano*, 48 N. Y. 336; *Peck* v. *Mallams*, 10 id. 540; *Frost* v. *Beekman*, 1 Johns. Ch. 299; 18 John. 564; *Parker* v. *Conner*, 93 N. Y. 124; *Acer* v. *Westcott*, 46 id. 392.) The defendants are not protected by the attempted discharge upon the record. (3 R. S. [5th ed.], 57, § 60; *Swartout* v. *Swartout*, 7 Barb. 354, 367; *Viele* v. *Judson*, 82 N. Y. 39; *Bacon* v. *Vanschonhoven*, 19 Hun, 158; *Ely* v. *Schofield*, 35 Barb. 330; *Milburn* v. *Hammond*, 13 Hun, 475, 479; *Doubleday* v. *Kress*, 50 N. Y. 415 · Perry on Trusts, §§ 466, 601, 814, 831; Story on Agency, § 146; Hill on Trustees, 769; Thomas on Mort. 152, 158; *Williamson* v. *Brown*, 15 N. Y. 364; *Acer* v. *Westcott*, 46 id. 390; *Reed* v. *Gannon*, 50 id. 345; Story Eq. Jur., § 400; *Briggs* v. *Davis*, 20 N. Y. 15; *Swartout* v. *Curtis*, 5 id. 301; *Brewer* v. *Bonney*, 12 Gray, 113; 1 Willard on Mort. 335; Washb. on Real P. 562; *N. L. Ins. Co.* v. *Dake*,

87 N. Y. 257.)   As between several equities affecting the same estate, if otherwise equal, the first will govern.   (2 Johns. Ch. 607.)

Danforth, J.   That a valid trust was created by the terms of the mortgage, and to the effect as found by the referee, and that it continued to exist there can be no doubt.   The transfer of property was executed and the relation of trustee and *cestui que trust* formed and at no time renounced.   This question must be deemed closed in this court by its decision in *Martin* v. *Funk* (75 N.Y. 134).   The important inquiry before the referee was, whether the defendants had any notice, actual or constructive, of the plaintiff's rights, or of the character in which Deming held the mortgage.   His finding that they had no actual notice reduces our inquiry to the effect of the recording act.   As intending purchasers they must be presumed to investigate the title and to examine every deed or instrument forming a part of it, especially if recorded; they must, therefore, be deemed to have known every fact so disclosed (*Acer* v. *Westcott*, 46 N. Y. 384), and every other fact which an inquiry suggested by those records would have led up to.   Thus they are plainly chargeable with notice of the mortgage and of all the facts of which the mortgage could inform them.   They knew, therefore, that the legal interest was in Deming, and that, to some extent, he was the owner of a beneficial interest.   As to that they might rely upon his acts.   How was it as to the platntiff?   The mortgage declared that it was intended as security for the payment of $250 annually to Deming, individually, and $50 annually to "Deming, or to the general guardian of Florence McPherson (the plaintiff), on or before the fifteenth day of May in each year hereafter, for the benefit of said Florence, until the said Florence shall arrive at the age of fifteen years, and thereafter the further sum annually to said Deming or guardian, of one hundred dollars, payable on or before the fifteenth day of May in each year until the said Florence shall arrive at the age of twenty-one years, for the benefit of said Florence;" and recited, also, that she was fourteen years of age on the 1st of

April, 1873, being the same year in which the mortgage was executed. There was notice, therefore, that the plaintiff had a beneficial interest under the mortgage, which, by its terms, would continue until 1880, the time of her majority, and in like manner, although to a different period, as to the rights of Ida. It is true that at the same time the purchasers found of record a certificate signed by Deming, dated February 6, 1874, referring in terms to this mortgage and declaring that it "is redeemed, paid off, satisfied and discharged." But this was an act not in the execution of his trust nor warranted by it, and the referee properly held that, as against the plaintiff, it was of no effect. As to this, also, the purchasers must be presumed to have known the law. The case of *Field* v. *Schieffelin* (7 Johns. Ch. 150), and other similar cases cited by the appellants apply only where a trustee or guardian has a power of disposition of the estate and may exercise it in his discretion. This power Deming did not possess. The discharge was in contravention of the trust and, therefore, in fraud of the beneficiaries for whom the trust was created. By its very terms the mortgage was to be a security not only for the payment of the money, but to remain such security for the payment of money at specific times during the plaintiff's minority. The defendants knew this and knew also that the time when the trustee was authorized to receive payment had not arrived. His power was limited by the terms of the mortgage, and his apparent authority was his real authority. He had no power to vary its terms nor receive payment in anticipation of the times fixed by the mortgage. His declaration or certificate that he had been paid was, therefore, of no avail against the express provisions of the instrument by which his power was defined. In case of default on the part of the mortgagor in paying, the mortgagee might, as the appellants say, foreclose, for power to do so is expressly given by the mortgage, but whether the security for future payments would then be found in the decree or otherwise would depend on circumstances not pertinent to the present inquiry. A point is made that the plaintiff is not the owner of the mortgage and

cannot maintain the action. Such question was not raised by the pleadings, nor does it appear to have been presented upon the trial, but the averments of the complaint show that the plaintiff is a real beneficiary. The form of the action is not objected to and the judgment goes no further than to give the relief to which, as a beneficiary, she is entitled.

It should, therefore, be affirmed.

All concur.

Judgment affirmed.