### STILLINGS v. HAGGERTY.

*(Supreme Court, General Term, First Department.* December 31, 1890.)

1. MECHANIC'S LIEN—SUBCONTRACTORS—ESTOPPEL.

   In a settlement between a general contractor claiming a mechanic's lien upon certain property, and the owner thereof, a person who has a claim for work done on said property, and who declares to the general contractor that his claim is against the owner of the property, and not against him, thereby preventing the latter from receiving a certain sum in satisfaction of such claim from the owner, will be estopped from setting up his claim afterwards, as a subcontractor, against the general contractor, whom he has thus induced to release the owner of the property from any claim against it on his account.

2. SAME—ENFORCEMENT—INSTRUCTIONS—IMMATERIAL REQUEST.

   In such case, a request to charge that there is no evidence in the case to show that the plaintiff's claim against the owner of the property is inconsistent with his claim against the general contractor is wholly immaterial, the issue being whether the plaintiff was estopped from enforcing his claim, and the question of consistency, therefore, of no moment.

Appeal from trial term, New York county.

This was an action by one Stillings, as assignee of Richard Taylor, against one Haggerty, as executor of John Molloy. There was judgment for defendant, and plaintiff appeals.

Argued before BRADY and DANIELS, JJ.

*Archibald C. Shenstone,* for appellant. *Rose & Putzel,* for respondent.

BRADY, J. The defendant was the executor of the last will and testament of John Molloy, who died in September, 1884; the plaintiff is the assignee of Richard Taylor for the benefit of creditors. At the time of his death Molloy was engaged in completing a contract between himself and one Hugh Smith, whereby he undertook to do certain work in and about the Murray Hill Hotel. To accomplish this, Molloy employed subcontractors, so called, and, among others, Taylor, who agreed with Molloy to do certain painting at a fixed price. During the life of Molloy he made certain payments to Taylor on account of this contract, but there was due to the latter, when Molloy died, $3,000, together with interest, to recover which this action was brought. Smith was the owner of the property, and immediately after the death of Molloy the subcontractors filed mechanics' liens against the hotel property for their claims, some of them asserting that their liens arose from contracts made directly with Smith, the owner, and others that they arose under contracts made with Molloy. The total amount, excluding Taylor's claim, was in excess of $25,000. Taylor's lien, it must be noted, averred that the contract under which he claimed was made with Smith, the owner, only, and it was filed on the 27th of December, 1884. After the death of Molloy, Haggerty performed the unfulfilled part of the contract which his testator had made with Smith, and upon the completion of the work presented the bill of the estate for the balance still due. Haggerty claimed $20,000 and upwards from Smith, while the latter insisted that less than $8,104 only was due. The testimony appears to show that Haggerty believed the claim of the estate was as he had stated it; but, in consequence of difficulties in the way of collecting it, he entered into negotiations with Smith for a compromise or adjustment of the claim. Smith offered to pay the $8,104 for a cancellation of all the liens, exclusive of Taylor's, and $1,500 additional, if Taylor would release his claim

against him (Smith) personally; the money to be paid to Taylor, if he would release the estate and him, (Smith,) or to Haggerty, if Taylor would release Smith. The position that Smith seems to have taken was that, if Taylor had a claim against him, he was under no obligation to pay the estate a dollar on his account. If the claim had been created by reason of a contract between Taylor and Molloy, then Smith was willing to pay the estate what he thought was due, namely, $1,500. Haggerty, it seems, submitted this proposition to the lienors, informing them that the Molloy estate was insolvent, and would not pay more than 25 per cent. of its liability. As a result, all of them save Taylor accepted the proposition to take $8,104 in full satisfaction of the liens. This arrangement diminished the liabilities of the estate. It appears that Taylor refused to accept $1,500 in satisfaction of his lien of $3,000, and likewise to withdraw his claim against Smith, and presented against the estate, and thereby enable Haggerty to collect from Smith the sum of $1,500. He stated, however, to Haggerty that he had no claim against the estate, but that his claim was against Smith, which was confirmed by the notice of mechanic's lien before mentioned, filed on the 27th of December, 1884; and Haggerty, relying upon this statement, and believing it to be true, accepted the sum of $8,104 already mentioned in full satisfaction of all claims against Smith. The money received upon that settlement was paid over to the lienors, who released Smith and the estate. After a lapse of two years Taylor commenced this action, claiming that the contract for the amount of his lien was made with Molloy, and not with Smith; the response to which was (and that response was made the subject of investigation and consideration upon the trial) that Taylor and his representatives were estopped from denying that the contract was made with Smith; and it was insisted that, if Taylor had not made the statement that his claim sprung out of a contract made by himself with Smith, the defendant, as executor, would have been able to collect from Smith the additional sum of $1,500, and with that amount enriched or enlarged the estate of his testator. The issue thus created was submitted to the jury as a question of fact, and they found in favor of the defendant; that is to say, that Taylor had, owing to the negotiations for the settlement of the claims of the testator, Molloy, with Smith, the owner, asserted in connection with that settlement that his claim did not arise out of any contract with Molloy, but with Smith, and that created properly, naturally, and justifiably the conviction that the estate was not burdened with the Taylor lien.

The elements of an estoppel were distinctly stated to the jury, and without exception; and sufficient has been developed in this case and in this opinion to show that those elements did exist. A party who negligently or culpably stands by and allows another to contract on the faith and understanding of a fact which he can contradict, cannot afterwards dispute that fact in an action brought against the person whom he has himself assisted in deceiving. *Gregg* v. *Wells*, 10 Adol. & E. 90. See, also, *Continental Nat. Bank* v. *National Bank*, 50 N. Y. 582, in which the subject is fully considered and illustrated. In the case of *Rubber Co.* v. *Rothery*, 107 N. Y. 316, 14 N. E. Rep. 269, it was stated that to constitute an estoppel *in pais* the person sought to be estopped must do some act or make some admission with an intention of influencing the conduct of another, and which act or admission is inconsistent with the claim he proposes now to make. The other party, too, must have acted upon the strength of such admission. Here we find a statement made by Taylor which was utterly inconsistent with the claim he now presents. The evidence shows that he said to Haggerty, in reference to the settlement which has been already mentioned: "You must settle the best you can. Mr. Hugh Smith owes me that money, and I am going after Smith." And again: "You don't owe me anything; the Molloy estate doesn't owe me a cent. I didn't make a contract with the Molloy estate; and have got noth-

ing to do with the Molloy estate." Taylor knew Haggerty intended to act upon the statement thus made, and did so; and it is quite clear that in permitting the statement of Taylor to prevail, by overcoming the doctrine of estoppel invoked, the defendant's obligations would be increased.

Several requests to charge were presented on behalf of the plaintiff, which, with the exception of one, were adopted by the learned justice presiding in the court below; and the request which was refused was: "I ask your honor to charge that there is nothing in the evidence to show that the claim of the plaintiff's assignor, (that is, Taylor,) which is alleged in the answer of the defendants, and the mechanics' liens of the same, which he sought to foreclose, was in any wise inconsistent with the claim of the plaintiff in this action." It is sufficient to say that this request was wholly immaterial. The issue was whether the plaintiff's assignor was estopped from enforcing his claim, supposing it to exist; and, therefore, whether there was such an inconsistency as that suggested in the request is a matter of no moment, and which it is quite clear could not by any possibility have done the plaintiffs any injury. Perhaps, if the claim presented involved the question of whether the money was due from Molloy, the contractor, or Smith, the owner, the request might have become important, if warranted by the evidence, which, on such an issue, should be given to the jury; but, as already suggested, there was no such issue before the court, but a pure question of fact, namely, whether the acts arrayed, as establishing an estoppel, were sufficient in law to create one. They were, as the jury regarded them, and there is therefore no reason to disturb the judgment. The judgment should be affirmed, with costs.