ESTHER C. TOWNSEND and Another, Appellants, v. JOSHUA RACKHAM and Others, Respondents.

*Mortgage containing a testamentary provision merely — no trust created — effect of a satisfaction of the mortgage.*

When it is apparent that the sole purpose of a mortgagee in taking back, on making successive conveyances of his land, purchase-money mortgages, afterwards satisfied and discharged of record by him, conditioned for his own support during life and for the payment after death of certain specified sums to persons named therein, was to make provision for himself during his life and to make a testamentary provision for the beneficiaries named therein, and not to create any irrevocable interest in the lands, and it appears that the beneficiaries named in the mortgages had no knowledge of the execution and delivery thereof, nor in any manner accepted or assented to any of the mortgages, or to any provisions thereof in their favor, prior to the satisfaction of the mortgages by the mortgagee, no trust is created in behalf of the beneficiaries named in the mortgages which can be enforced by them, after the mortgagee's death, against the lands on which the satisfied mortgages have been given.
*McPherson* v. *Rollins* (107 N. Y. 316), distinguished.

APPEAL by the plaintiffs, Esther C. Townsend and Willard Brown, from a judgment of the Supreme Court, entered in Orleans county clerk's office March 19, 1892, on the decision of the court at the Orleans County Special Term, dismissing their complaint upon the merits.

*Henry M. Davis*, for the appellants.

*George Bullard*, for the respondents.

MACOMBER, J.:

The maiden name of the plaintiff, Esther C. Townsend, was Esther C. Lutts. The plaintiff, Willard Brown, is the assignee of

the administrator of the estate of Maria Leach, who died July 12, 1890, in the State of Iowa. These two persons, Esther C. Lutts and Maria Leach, were grandchildren of Catherine Farnham, here, inafter mentioned.

On the 26th day of September, 1857, Catherine Farnham, who was seventy-three years of age and a widow, deeded to her two grandchildren, the defendants, Almeron C. Wilson and Valentine A. Wilson, a deed of her farm in the town of Carlton, Orleans county, N. Y., and received back from the grantees a mortgage containing the following condition : " This grant is intended as a security for the payment of the following sums of money, to wit, $75 on the first day of January, and $75 on the first day of July, in each and every year hereafter during the natural life of the party of the second part, to be paid to the said party of the second part at the house of the party of the first part in the town of Carlton. And the further sum of $1,500 to be paid as follows : One thousand dollars to be paid to Maria Leach or her heirs, five years from the death of the said party of the second part, and $500 to be paid to Esther C. Lutts, five years from the death of the said party of the second part (the several sums herein mentioned is for the purchase money of said premises). And as a further consideration to these presents it is agreed between the party that in addition to the sums above mentioned and agreed to be paid, the said party of the first part agrees to and with the said party of the second part to provide her, the said Catherine Farnham, a home at their home or homes, at all times, when she may choose, during her natural life, and provide for her board and all necessary clothing and all things necessary and proper for her comfort and support during her natural life. And this conveyance shall be void if such payments be made . as hereinafter specified, and in case default shall be made in the payment of the above sums hereby intended to be secured, or any part thereof, or in case default be made in providing for and taking care of the said party of the second part, as above provided, it shall be lawful for the party of the second part, her executors, administrators or assigns, at any time thereafter, to sell the premises hereby granted, or any part thereof, in manner prescribed by law," etc.

On the 12th day of October, 1857, this mortgage was discharged

by Catherine Farnham and the discharge was delivered to the mortgagors, whereupon they gave her a second mortgage containing the same conditions as the first, except that in the condition for support these words were added: ".While living with the party of the first part."

This second mortgage was in turn discharged on the 15th day of October, 1858, by Catherine Farnham, and the Wilsons thereupon conveyed the lands back to her. She then deeded to Susan A. Wilson, wife of Valentine A. Wilson, the north half of the farm, and to Lovina L. Wilson, wife of Almeron C. Wilson, the south half thereof, and took back from each a mortgage for her support, containing these provisions: "While living with the party of the first part, $37.50 semi-annually, and as security for the payment to Esther C. Lutts of $250, and to, Maria Leach $500, five years after the death of Catherine Farnham." The other conditions of the mortgage were the same as those contained in the first mortgage. On the 11th day of May, 1861, Catherine Farnham discharged these last two mortgages, and delivered the discharges to Lovina L. Wilson and Susan A. Wilson, respectively, and they in turn deeded back to her the farm previously deeded to them. Thereupon Catherine Farnham deeded the south half of the farm to Almeron C. Wilson, and the north half to Valentine A. Wilson, and took back from each of them a mortgage containing the same conditions as the last two mortgages, except that her annuity was stated to be fifteen dollars semi-annually instead of thirty-seven dollars and fifty cents. On October 1, 1868, Valentine Wilson deeded his north half of the farm to Almeron C. Wilson. On December 11, 1870, Catherine executed a discharge of the mortgage given by Almeron C. Wilson on the south half of the farm, and Almeron C. Wilson gave the mortgage thereon to one Isaac Cochrane for $1,500, for money borrowed. After this last-named mortgage was recorded, and on January 2, 1871, Almeron C. Wilson gave Catherine Farnham a mortgage on this half, containing the same conditions as his mortgage of May 11, 1861.

The trial justice has found as a fact, which finding is well supported by the evidence, that neither Maria Leach nor Esther C. Lutts had any knowledge of the execution and delivery of, or in any

manner accepted or assented to, any of the mortgages described above, or any of the provisions in any of these mortgages in their favor prior to such satisfaction. No claim was ever made by them under any of these mortgages until this action was brought. On the 7th day of February, 1873, Catherine Farnham executed a discharge of the mortgage given by Almeron C. Wilson January 2, 1871, and also the mortgage given by Valentine A. Wilson May 11, 1861, and took back from the former a mortgage on the 151 acres for her support and for the payment to her of sixty dollars a year, to pay her funeral expenses and to erect suitable gravestones at her grave, etc. Catherine Farnham continued to reside in the families of Almeron C. Wilson and Valentine A. Wilson from September, 1857, to the time of her death, which was August 20, 1883.

The defendant, Joshua Rackham, is a grantee in good faith and for value of these lands from Almeron C. Wilson. The defendant, Fred. G. Coann, is the owner of another mortgage upon these premises in the sum of $1,800, which he received through various assignments, and this mortgage, too, the trial court has found to have been taken and is held in good faith and for value.

The plaintiffs seek to work out an interest in these lands through a supposed trust created by the mortgages above mentioned. If this position had any foundation for its support under the instruments as they were originally drawn, the plaintiffs having no knowledge thereof, and never having taken advantage of the same, prior to the rescission thereof, could not work out a trust in their behalf susceptible of enforcement, so long as the relation of *cestui que trust* and trustee appears not to have been established. (*Acton* v. *Woodgate*, 2 Myl. & K. 492.)

But, clearly, there was no trust created in behalf of Miss Lutts or Miss Leach by these instruments. There was no consent to the creation of a trust either by the mortgagor or mortgagee. Indeed, the very negative of this proposition is abundantly established by the strong circumstances pervading the case, which indicate that it was the sole purpose of Catherine Farnham in making the deeds and receiving back these mortgages to make provision for herself during her lifetime, and to make a testamentary provision also for her two grandchildren, Esther C. Lutts and Maria Leach.

It appears, furthermore, that she sent for her scrivener and stated

to him that she wished to have a will drawn, and thereupon the scrivener said he could fix it for her by way of a deed and mortgage. She was informed by him that this arrangement would be just the same as a will, and that she could revoke it at any time in the same manner as she could a will. She expressed her purpose to control the property while she lived, and desired to have it arranged in a safe manner for her so she could make any changes which she pleased. Under this evidence, but especially under the persuasive circumstances attending the history of these several instruments, the learned justice was well justified, we think, in finding as a matter of fact, that Catherine Farnham did not intend, at any time, to create any irrevocable interest in these lands, in either Esther C. Lutts or Maria Leach, thus taking the case out of the operation of the decision in *McPherson* v. *Rollins* (107 N. Y. 316). If parol evidence was required to characterize the purpose of these deeds and mortgages, the same is competent under the decision of this court in *Kelsey* v. *Cooley* (11 N. Y. Supp. 745; 33 N. Y. St. Repr. 775).

Objection is made that the evidence of Lovina Wilson was incompetent, and that, as the same was objected to and the objection finally overruled by the court, a new trial should be granted upon the ground of the exception taken to such ruling.

But Lovina Wilson had no interest in the action, although she was made a party thereto. She had no interest in the result because the property had passed into the hands of a *bona fide* purchaser, Joshua Rackham. She was not in any sense an interested party to the subject-matter of such conversation, and took no part therein, and hence was a competent witness. (*Simmons* v. *Havens*, 101 N. Y. 428; *Cary* v. *White*, 59 id. 336; *Kelsey* v. *Cooley, supra.*)

It follows that the judgment appealed from should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed, with costs.