(89 App. Div. 120.)

### DRISCOLL v. BROOKLYN UNION ELEVATED CO. et al.

(Supreme Court, Special Term, Kings County. December, 1903.)

**1. ESTOPPEL—EVIDENCE.**

Where an adult was entitled under a will of his father, equally with his brother, to one-half of certain premises, and signed as a witness a deed to such premises, executed by his mother, he knowing the purpose thereof, in which she improperly described herself as his guardian, without denying that she was such guardian, or her authority to make a deed for him, he is not estopped thereby from suing the grantee of his mother to establish his title to the premises.

**2. SAME.**

Where both parties to a deed are equally capable of determining as to the title of the land, there can be no estoppel where no absolute fraud is shown.

Suit by Daniel Driscoll against the Brooklyn Union Elevated Company and the Brooklyn Heights Railroad Company to restrain defendants from operating an elevated road in front of plaintiff's lot. Judgment for plaintiff.

The defendant pleads as a defence a deed of the right to operate its railroad from the plaintiff's mother, as executrix under the will of his father, and as guardian of him and his brother, who owned the lot as tenants in common at the time (the brother having since conveyed to the plaintiff); and that the plaintiff signed said conveyance of his mother as a witness, and is estopped from setting his title up against it.

Plaintiff's father, Daniel Driscoll, devised all of his real estate to the plaintiff and his brother, Michael, as equal tenants in common, subject to their mother's right of dower, they being the only children; and also bequeathed to them equally his personal estate with a provision that two designated lots of land (one of which is the lot on which this suit is based) shall not be sold until the younger of the said sons shall be 27 years old, or both of them shall have died. This is followed by a provision empowering the executrix to collect the income of the entire estate, pay thereout the taxes, interest on mortgages, expenses for repairs, and apply so much of the balance as shall be necessary for the support of herself and the said two sons, and their education, during their minorities, and on the coming of age of each to pay to him his net share thereof. This is followed by a power to the executrix to sell, mortgage, or lease any and all of the real estate, except the two lots above mentioned.

The mother, by a deed in which she is described "as executrix of the will of Daniel Driscoll, and guardian of Daniel Driscoll and Michael Driscoll," and which is subscribed in the same words, conveyed to the defendant the elevated railroad company for a valuable consideration the right to maintain and operate its elevated railroad in the public street in front of the said lot on which this suit is based, forever.

Such deed was prepared by the said defendant, and presented to her by its agent for execution. It was signed in the presence of the said agent and the plaintiff, and they signed it as witnesses. The plaintiff was at the time 26 years of age. The mother was illiterate, and made her mark, while the

plaintiff signed in a handwriting which shows him to have been educated. The brother, Michael, has since conveyed his undivided one-half interest to the plaintiff.

Washburn & Sickels, for plaintiff.
Charles L. Woody, for defendants.

GAYNOR, J. The executrix had no power of sale over the lot described in the complaint; it was expressly excepted from the power of sale given her by the will. The title was in the plaintiff and his brother.

But it is claimed that the plaintiff is estopped from asserting against the grantee of the executrix the title he and his brother had to the lot at the time of the execution of the deed by the executrix, for the reason that, knowing the purport of the deed of conveyance of the executrix, he did not at the time of its execution disclaim that his mother was his and his brother's guardian, as it recited, or had authority to convey for them, but on the contrary remained silent, and signed as a witness.

These facts might, in a proper case, such as the case of a prior unrecorded conveyance to a subscribing witness, or of a claim by him of title by adverse possession, effect such an estoppel; but they do not in this case. The state of the title, and the nature and extent of the mother's trust or guardianship (whichever we call it) were shown by the will, which was recorded, and also apparently familiar to the defendant grantee, for it prepared the deed with express reference to the will, as the terms of the deed show; and the will is all there was to confer any authority over the property on the mother, excepting her right of dower. Where the condition of the title is equally open to both parties, from being on record, or otherwise, there can be no such estoppel founded on mere silence, accompanied by the act of signing the conveyance as a witness; it is necessary to make out a case of affirmative fraud, and that has not been done here. Brinckerhoff v. Lansing, 4 Johns. Ch. 65, 8 Am. Dec. 538; James v. Morey, 2 Cow. 246, 14 Am. Dec. 475; McPherson v. Rollins, 107 N. Y. 316, 14 N. E. 411, 1 Am. St. Rep. 826; Brant v. Virginia Coal Co., 93 U. S. 326, 23 L. Ed. 927; Wash. on Real Prop. book 3, c. 2, § 6; Herman on Estop § 923.

Judgment for the plaintiff.