GEORGE A. KING, as Sole Receiver of the Property of JOHN C. BOSTLEMAN, JR., Plaintiff, *v.* CORNING TRUST COMPANY, Defendant.

Supreme Court, Steuben County, April 20, 1927.

**Executions — supplementary proceedings — receiver cannot settle claim without consent of court — receiver seeks to recover from bank money deposited therein by corporation — trustee of corporation acting for creditors thereof assigned money to plaintiff in settlement of claim by judgment debtor against corporation — complaint insufficient for failure to allege settlement had approval of court.**

A receiver of property of a judgment debtor, appointed in proceedings supplementary to execution, cannot settle a claim of said judgment debtor against a third party without the consent of the court.

Accordingly, the complaint in an action against the defendant bank by such a receiver to recover money deposited therein by a corporation and assigned to the plaintiff by the trustee to whom the corporation had transferred its prop-

erty, in trust for the benefit of its creditors, in settlement of a claim held by the judgment debtor against said corporation, is insufficient and must be dismissed, where it fails to show that the claim was settled with the consent of the court and that the receiver is vested with title to the money on deposit; plaintiff, as receiver, became vested with the property of the judgment debtor, but not of the corporation.

MOTION by the defendant to dismiss the amended complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*Sebring & King* [*James O. Sebring* of counsel], for the plaintiff.

*Guernsey B. Hubbard,* for the defendant.

CUNNINGHAM, J.   The amended complaint sets up the appointment of the plaintiff as receiver of the property of John C. Bostleman, Jr., in proceedings supplementary to execution under a judgment obtained by James O. Sebring.

It is further alleged that the Bostleman Conservatory of Music, a domestic corporation, transferred its property to one Samuel E. Quackenbush in trust, to sell and dispose of the same for the benefit of the creditors of the corporation; that Quackenbush converted the property into money; that such money is now upon deposit with the defendant; that Quackenbush, as trustee, has assigned to the plaintiff all his right, title and interest in and to such moneys.

It is not alleged that there was any consideration for this transfer, but it is pleaded that Bostleman "was an officer of the said corporation and one of the principal stockholders thereof and otherwise interested in the said personal property," and further, "that the said John C. Bostleman, Jr., held and owned an equitable or other interest in the said funds as said stockholder or otherwise."

The plaintiff, as receiver, became vested with the property of John C. Bostleman, Jr., but not of the Bostleman Conservatory of Music.   The Civil Practice Act (§ 809) provides that "The property of the judgment debtor is vested in a receiver who has duly qualified."   Rule 175 of the Rules of Civil Practice provides that "Unless restricted by the special order of the court, every receiver of the property of a debtor may sue for and collect all the debts, demands and rents belonging to such debtor."   The plaintiff, by his appointment, became vested with only such property as belonged to Bostleman.   Therefore, he cannot claim title to the funds on deposit with defendant because of such appointment. He must rely upon the assignment made to him by Quackenbush.

It seems probable that the plaintiff is attempting to set up that he acquired title to the funds in dispute in settlement of the claim held by Bostleman against the Bostleman Conservatory

of Music. However, he may not, without permission of the court, settle claims of the judgment debtor. " A receiver * * * is subject to the direction and control of the court out of which execution was issued." (Civ. Prac. Act, § 811.) " He may compromise and settle " claims only with the consent of the court. (Rules Civ. Prac. rule 175.)

The plaintiff, without leave of the court, had no right to settle any claim Bostleman might have had against the corporation.

Assuming that the transfer by the corporation to Quackenbush is effective as between the parties thereto, and clothed Quackenbush with the legal title to the property in trust, still the trustee could not, by his own act, extinguish the trust and defeat the purposes for which it was created. (*McPherson* v. *Rollins*, 107 N. Y. 316; *Cuthbert* v. *Chauvet*, 136 id. 326.)

Therefore, Quackenbush, as trustee, did not have power to assign the moneys to the plaintiff and the plaintiff did not have authority to accept such assignment.

The plaintiff by virtue of the assignment has not become trustee in place of Quackenbush.

A trustee who has accepted the trust may not resign without the permission of the court. He must account and have his resignation accepted. (*Keiley* v. *Dusenbury*, 10 J. & S. 238; affd., 77 N. Y. 597; *Thatcher* v. *Candee*, 3 Keyes, 157.)

In the absence of a power of appointment in the trust instrument the court alone has the right to appoint a substitute trustee. (*Keiley* v. *Dusenbury, supra; N. Y. Security Co.* v. *Saratoga Gas Co.*, 88 Hun, 569, 584; affd., 157 N. Y. 689; *Greenland* v. *Waddell*, 116 id. 234, 243.)

I believe that the complaint is insufficient in that it fails to show that the plaintiff is vested with the title to, or has any right or interest in, the moneys held on deposit by the defendant.

The complaint is dismissed, with costs, with leave to the plaintiff to serve an amended complaint within ten days upon payment of such costs.