GEORGE A. KING, as Sole Receiver of the Property of JOHN C. BOSTLEMAN, JR., Plaintiff, *v.* CORNING TRUST COMPANY, Defendant.

Supreme Court, Steuben County, July 9, 1927.

Executions — supplementary proceedings — action by receiver — complaint alleges cause of action on claim assigned to receiver by third person — complaint is defective in failing to allege that claim sued on belonged to judgment debtor.

The complaint in an action by a receiver in supplementary proceedings is defective which alleges merely a cause of action on a claim assigned by a third person to the receiver. It is essential to a good complaint by a receiver that the complaint contain an allegation that the claim sued on belongs to the judgment debtor.

MOTION to dismiss amended complaint for failure to state cause of action.

*Sebring & King*, for the plaintiff.

*Guernsey B. Hubbard*, for the defendant.

THOMPSON, J. The authority of a receiver in supplementary proceedings to bring an action is purely statutory, and unless the complaint alleges sufficient facts to satisfy the statutory requirements it does not state a cause of action.

The receiver is appointed by the court. (Civ. Prac. Act, § 805.) And upon qualifying the property of the judgment debtor vests in him. (Civ. Prac. Act, § 809.) Unless restricted by the special order of the court, he may sue for and collect all debts and demands belonging to the debtor. He may also sue in the name of the debtor, where it is necessary or proper for him to do so. (Rules Civ. Prac. rule 175.)

" Supplementary proceedings, like bankruptcy proceedings, are creatures of statute and the powers and title of a receiver are no broader than the provisions of the statute authorize." (*Maurice* v. *Travelers Insurance Co.*, 121 Misc. 427, 432.)

The complaint is upon a claim " duly sold, assigned, transferred and set over " to plaintiff by a third person. Defendant claims that it is defective because it does not contain an allegation that the claim sued upon belonged to the debtor. We think the omission is fatal.

A receiver can only sue on demands running to the debtor. He has no authority to sue on an assigned demand of some other person, unless the claim assigned was the property of the debtor. The reason for the rule and its observance is found in the instant case. This is the second amended complaint; the first amended complaint was dismissed at the Steuben Special Term April 20, 1927. In that pleading plaintiff alleged " that the Bostleman Conservatory of Music, a domestic corporation, transferred its property to one Samuel E. Quackenbush in trust, to sell and dispose of the same for the benefit of the creditors of the corporation; that Quackenbush converted the property into money; that such money is now upon deposit with the defendant; that Quackenbush, as trustee, has assigned to the plaintiff all his right, title and interest in and to such moneys * * *. That Bostleman [the debtor] was an officer of the said corporation and one of the principal stockholders thereof and otherwise interested in the said personal property," and " that the said John C. Bostleman, Jr. [the debtor] held and owned an equitable or other interest in the said funds as said stockholder or otherwise." These facts are not set forth in the

present complaint, the pleader being satisfied to rest his cause of action solely upon the assignment.

The opinion (129 Misc. 377, 378) states, among other things: " He cannot claim title to the funds on deposit with defendant because of such appointment. He must rely upon the assignment made to him by Quackenbush. * * * The complaint is insufficient in that it fails to show that the plaintiff is vested with the title to, or has any right or interest in, the moneys held on deposit by the defendant." Doubtless the present complaint was drawn in an effort to meet these observations. However, it must be seen that an allegation of title in a third person is not enough, and that an allegation charging less than ownership of the claim sued on by the debtor is insufficient. (Rules Civ. Prac. rule 175.)

The debtor does not own the claim sued, although he may own a claim or right of action against the assignor, the corporation, or both, which still may be enforced by the receiver in his office or in the name of the debtor in an appropriate action. Motion granted, with costs. So ordered.