ABRAHAM ROSENBLUM, Plaintiff, *v.* WARREN-NASH MOTOR CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, October, 1928.

*Samuel Firestone*, for the plaintiff.

*Whitman, Ransom, Coulson & Goetz*, for the defendant.

SULZBERGER, J. This is a motion to dismiss the complaint for insufficiency. The action is by a receiver in proceedings sup-

plementary to execution. It is contended that the complaint is defective, because it is not expressly alleged that the claim upon which this action is based belongs to the judgment debtor (to whose title the receiver succeeded), and that no fact is alleged from which an implication of ownership can be drawn. The argument finds its genesis in the Rules of Civil Practice, rule 175, as construed in *King* v. *Corning Trust Co.* (129 Misc. 838). The pertinent part of this rule is as follows (italics supplied): "Unless restricted by the special order of the court, every receiver of the property of a debtor may sue for and collect all the debts, demands and rents *belonging* to such a debtor."

It is alleged in the complaint that the National Auto Corporation assigned to the judgment debtor its claim against the defendant for a balance due. But the defendant urges that the assignee of a claim is not necessarily its owner; that assignments are made for various purposes, and frequently confer rights not amounting to ownership. (Cf. *Sheridan* v. *Mayor*, 68 N. Y. 30; *Goodman* v. *State Bank*, 203 N. Y. Supp. 113.) The argument is destructive of defendant's contention. Obviously, the converse of this proposition is equally true. The assignee may be the actual owner, and have full title to the claim and its proceeds. In obedience to the statute (Mun. Ct. Code [Laws of 1915, chap. 279], § 93, subd. 1), which requires that "the allegations of a pleading must be liberally construed for the purpose of doing substantial justice between the parties," I am bound to hold that the allegation of assignment implies that the claim belongs to the plaintiff, and imports ownership.

I cannot follow *King* v. *Corning Trust Co.* (*supra*). The motion in that case was addressed to an *amended* complaint, which alleged an assignment in conventional form. In deciding the motion, the court, contrary to the well-settled practice (cf. *Merchants Loan & Investment Corporation* v. *Abramson*, 214 App. Div. 252; *Hearn* v. *Leary*, 125 Misc. 446; affd., 215 App. Div. 735; *Millard* v. *Delaware, L. & W. R. R. Co.*, 204 id. 80, 82; *Brooks Bros.* v. *Tiffany*, 117 id. 470; *Kenneth* v. *Newgold*, 183 id. 652), looked beyond the amended complaint. It considered the allegations in the superseded complaint, which indicated that it was utterly impossible for plaintiff to establish a valid assignment. (*King* v. *Corning Trust Co.*, 129 Misc. 377, 379.)

Motion denied.