James H. Truesdell, Heir-at-law, Executor, etc., Respondent, *v.* Henry J. Sarles et al., Appellants.

Where, in an action by judgment-creditors to set aside a conveyance by a husband through a third person to his wife, on the ground that the same was fraudulent as against creditors, it appeared that the conveyance was for a good consideration, and there was no fraudulent intent or facts

proved from which fraudulent intent could be inferred. *Held,* that a refusal to nonsuit was error, although as against creditors the conveyance might have been converted into a mortgage; that such relief could only be given upon proper evidence in an action where it was consistent with the case made by the complaint and embraced within the issues. The fact that previous to such a conveyance credit has been given to the husband, and that the creditor was not informed of the conveyance when a subsequent credit was given is no evidence of fraudulent intent.

(Submitted December 10, 1886; decided January 18, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 18, 1885, which modified, and affirmed as modified a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*John Gibney* and *Francis Larkin* for appellants. The conveyance to the defendant's wife was valid, and will be sustained. (*Carr* v. *Brees,* 81 N. Y. 584 ; *Phœnix Bk.* v. *Stafford,* 89 id. 405 ; *Dunlap* v. *Hawkins,* 59 id. 342 ; *Jenks* v. *Alexander,* 11 Paige, 623 ; *Jackson* v. *Post,* 15 Wend. 588 ; *Phillips* v. *Wooster.* 36 N. Y. 412 ; *Van Wyck* v. *Seward,* 6 Paige, 62, 526 ; *Babcock* v. *Eckler,* 24 N. Y. 623 ; *Carpenter* v. *Row,* 10 id. 227.) The word "creditors," as used in the statute, means creditors at the time of the conveyance. (3 R. S. [7th ed.] 2329, § 1.) Mrs. Sarles was a purchaser for a valuable consideration, to wit, $1,000. (3 R. S. [7th ed.] 2330, § 5.)

*Wm. G. Valentine* for respondent. The deed to the defendant's wife was invalid. (*Shand* v. *Hanley,* 71 N. Y. 319 ; *Savage* v. *Murphy,* 34 id. 508 ; *Case* v. *Phelps,* 39 id. 164 ; *Carpenter* v. *Roe,* 10 id. 227.)

DANFORTH, J. This is a contest between the plaintiff as executor of one Darius Truesdell, a judgment creditor of Henry J. Sarles, with execution issued and returned unsatis-

fied, on one side, and the debtor and his wife Adaline on the other, concerning the title to certain real estate conveyed to her through one Gidney as an intermediary. The complaint alleges that the judgment was recovered October 19, 1881, in an action commenced August 17, 1881, upon an account for goods, that Henry J. Sarles acquired title to the premises in question in 1871, and his deed to Gidney and that from Gidney to Adaline were given June 7, and recorded June 20, 1877, without consideration, with the sole purpose and intent to hinder, delay and defraud creditors, and with notice to Adaline of her husband's indebtedness to the plaintiff and other persons, but she nevertheless holds the legal title and claims " to be the owner of the real estate in her own right." The plaintiff asks judgment that the conveyances be canceled of record, as fraudulent and void as to creditors of Henry J. Sarles, that the real estate described in them be declared to be his property and the judgment a lien upon it.

The defendant Adaline by answer put in issue the allegations of the complaint, alleged that the deed to her was upon the actual consideration of $1,000 as expressed therein, and made for the purpose of conveying to her the legal title, with no intent to defraud any creditor or other person, but in good faith. The answer of Henry J. Sarles, so far as any question here is concerned, was in substance the same.

The learned trial judge found that when conveyed to Adaline the premises were subject to a mortgage of $1,000, and so far from finding that she paid no consideration, he found that the conveyance to her was for the consideration set up in her deed and answer, and instead of directing the cancellation of the deed as void, declared that it should stand " as a mortgage security in the sum of $1,000," but that subject to it the plaintiff's judgment should be a lien upon the property, and rendered judgment accordingly, with costs to be recovered of Adaline and Henry J. Sarles. Upon appeal the General Term held that is was justly found that the conveyance was a mortgage, but as Adaline had maintained her defense, she should not pay costs, but on the other hand have

her claim established at $1,000, with interest from April 1, 1872, and costs of the action, and so modified and then affirmed the judgment of Special Term.

We think the circumstances of the case required the General Term to go further and reverse rather than modify the decision of the trial judge. Upon the issues formed by the pleadings the question was whether the evidence disclosed fraud either in fact or law sufficient as against Adaline Sarles to set aside the deed under which she claimed title. This was the only available ground of relief and the burden of proving it was on the plaintiff. It is hardly necessary to criticise the evidence, for the judgment of neither court follows the plaintiff's prayer, or the statement of his cause of action. It is therefore in violation of the well settled rule that no judgment can be given in favor of a plaintiff on grounds not stated in his complaint, nor relief granted for matters not charged, although they may be apparent from some part of the pleadings or evidence. (*Rome Ex. Bk.* v. *Eames*, 1 Keyes, 588; *Wright* v. *Delafield*, 25 N. Y. 266; *Southwick* v. *First Nat. Bk.*, 84 id. 420.)

This point was fairly presented by the exception taken at the close of the plaintiff's case, and again at the close of the testimony, to the refusal of the trial judge to grant the defendant's motion to dismiss the complaint, and by exceptions to the refusal to find certain conclusions of law to which his attention was directed.

So far from sustaining the plaintiff's cause of action, the decision of the Special Term and the final judgment of the General Term not only in effect, but directly affirmed the validity of the conveyance to Adaline. There is not only no finding of a fraudulent intent on her part, but the precedence and right of security with indemnity against costs adjudged to her, are equivalent to a finding that she was innocent of fraud, or notice of any intended fraud on the part of her grantor. She stands then upon the record as a grantee for a valuable consideration, and this, even if inadequate in amount, is sufficient to sustain her title (2 R. S. 137, § 5).

The decision of the court below is therefore wholly incon-
sistent with the contention of the plaintiff as expressed in his
complaint, that the deed was fraudulent in fact on the part
of both husband and wife. Nor does the evidence permit
the conclusion that it was obtained under even suspicious or
inequitable circumstances.

Already encumbered with a mortgage of $1,000, the
property was conveyed in pursuance of an agreement that the
grantee should have the title in consideration of $1,000, con-
fessedly her own money, advanced and paid towards the
building of the house. According to testimony taken upon
supplementary proceedings and introduced by the plaintiff,
the debtor " at the time of the transfer, and for years afterwards,
was solvent and able to pay his debts at a moments notice."
This evidence was substantially reiterated by the debtor upon
the trial, and neither by cross examination nor otherwise was
a different state of his affairs presented. It is shown that in
1872, he was dealing with the plaintiff, but he paid fully and
promptly, first by note at short intervals, and then met the
notes at maturity, according to the usage between them, and
although he continued from 1872 to 1881, to buy of the
plaintiff, the debt in judgment was in no part an old one, but
contracted as the evidence disclosed and the trial judge found,
between the 26th of March, 1881, and the 21st of May, 1881.
The fact that the plaintiff had given credit previous to the
deed, and was not informed, when subsequent credit was
given, of the conveyance to the wife, is no evidence of fraudu-
lent intent. (*Carr* v. *Breese*, 81 N. Y. 584.) There are,
therefore, no facts or incidents showing intended fraud, no
act susceptible of fraudulent operation, and if there are, in
truth, circumstances which would permit a court to turn the
absolute conveyance into a mortgage, they are neither alleged
in the complaint nor stated in evidence.

Our attention, however, is called by the learned counsel for
the respondent to a request made by the defendant and a finding
by the trial judge in assent thereto, viz., " that at the date of
said conveyance, July 7, 1877, and for three or four years pre

vious thereto, the said Henry J. Sarles was indebted to his wife in the sum of $1,000, which was loaned to him by her (and which was given to her by her father) and expended in the erection of the house upon the premises described in the complaint by the defendant Henry J. Sarles, and the conveyance was made to his wife in pursuance of an agreement by her husband to convey to her the said lot of land for security for the said $1,000, which was the consideration for said conveyance to his wife, the defendant, Adaline Sarles." This was presented after unsuccessful motions to dismiss the complaint, and evidently not in aid of the judgment subsequently given, for it was made the basis of a request for other findings and for conclusions of law (1) that the deeds conferring title on the defendant Adaline " were made, executed and delivered in good faith and for a valuable consideration, without intent to hinder, delay or defraud the creditors of the defendant Henry J. Sarles, or the said plaintiff of their or his lawful debts or demands," and " that the defendants have judgment for the dismissal of the complaint in this action together with the costs and disbusements of the same," and these requests being denied, the defendants excepted to both refusals.

The exceptions were well taken; to the refusal to dismiss the complaint, for no case had been made out; to the refusals to find as requested, because the evidence warranted nothing less.

Nor was the right to insist upon the point made by the first exception waived by the subsequent request. Having failed to obtain the entire relief asked for, the defendant might demand less without losing any right to complain of the denial of the whole. The cases (*Carpenter* v. *Roe*, 10 N. Y. 227; *Savage* v. *Murphy*, 34 id. 508; *Case* v. *Philips*, 39 id. 164; *Shand* v. *Hanley*, 71 id. 319), cited by the respondent are not analogous. In all it appeared that the conveyances in question were voluntary. In *Carpenter* v. *Roe* the debtor was largely in debt and his solvency contingent upon the stability of the market in which at the time he speculated and failed within fifty days thereafter. In the others the deeds were

made with a view to continued and future indebtedness, with intent to avoid payment thereof, and all parties conspired to carry out the fraudulent purpose. Here the deed was upon a valuable consideration, without fraudulent intent, or facts from which such intent could be inferred. As between the debtor and his wife, the property belonged to her, and if as against creditors the deed is to be converted into a mortgage it must be upon proper evidence in an action where such relief will be consistent with the case made by the complaint and embraced within the issue.

Upon the case as now presented the plaintiff failed, the defendant's exceptions were well taken, and the judgments of the General and Special Terms should be reversed, and a new trial granted, with costs to abide the event.

All concur, except RUGER, Ch. J., and EARL, J., dissenting. Judgment reversed.