CATHARINE ANN McCLUNG, AS ADMINISTRATRIX, ETC., OF JOHN L. McCLUSKY, DECEASED, RESPONDENT, v. MARY A. FOSHOUR AND BRIDGET T. FOSHOUR, APPELLANTS.

*A judgment cannot be granted upon a different cause of action from that stated in the complaint.*

Upon the trial of this action, in which the complaint stated a cause of action for money had and received by the defendants to the use of the plaintiff and the answer was a general denial, evidence was given showing that the defendants, in pursuance of a contract made with the plaintiff, received certain moneys belong-

ing to the estate of the deceased person, of which the plaintiff was subsequently
appointed administratrix, in satisfaction of certain claims of the defendants
against the deceased. The referee found that the contract under which the
plaintiff permitted the defendants to receive the money was without considera-
tion in law; that the plaintiff in making it was acting under the influence of the
defendants and their advisers, and that said agreement was not her own act and
will; that it was invalid, and directed a judgment to be entered in her favor.
*Held*, that the referee erred in so doing as the recovery was upon a claim in equity
to procure relief against fraud or mistake or both, an entirely different cause of
action from that stated in the complaint and inconsistent with it.

APPEAL from a judgment in favor of the plaintiff, entered upon
the report of a referee for $3,557.65 damages and costs.

The action, commenced October 11, 1886, was in form the ordi-
nary common law action for money had and received by defendants
to the use of plaintiff. The defense was that the money alleged in
the complaint to have been received by defendants to the use of
plaintiff, was in fact paid by the plaintiff to them in satisfaction of
claims they had against plaintiff's intestate for board and money
loaned.

John E. McCluskey died on the 20th of August, 1884, in the city
of New York, at the house where the defendants, his aunts, resided,
with whom he had lived since 1865. He left an estate, consisting
of money, to the amount of $3,756.26, the bulk of which was in
possession of a firm in that city in which he had an interest, smaller
sums being on deposit in three savings banks. Against this estate
there were claims other than defendants', which aggregated $533.19.
On the 27th day of August, 1884, the plaintiff and the defendants made
a written agreement, which, after reciting the death of McCluskey,
intestate, the fact that the plaintiff was his sister and only next of
kin, the value of the estate and the fact that the defendants had
certain claims against it, amounting in the aggregate to $3,096, set
forth that in consideration of the defendants becoming sureties of
the plaintiff, as administratrix, their claims should be immediately
paid, the balance to be retained by the plaintiff as her absolute
property, the debts and funeral expenses of the intestate to be paid
by the defendants out of the money received by them. On the
next day (twenty-eighth) the plaintiff was appointed administratrix
by the surrogate of New York. On the same day the defendants
received the amount of their claims, as specified in the agreement,

and subsequently the defendants paid claims against the estate, aggregating, as above stated, $533.19.

*D. M. De Witt*, for the appellants.

*William Lounsbery*, for the respondent.

Landon, P. J.:

We think the plaintiff failed to establish the case stated in the complaint. The complaint states a cause of action at law for money had and received by the defendants to the use of the plaintiff. The answer is a denial. The evidence showed that the defendants, in pursuance of a contract made with the plaintiff, received certain moneys in satisfaction of certain claims of the defendants. It, therefore, appeared that the defendants received the moneys, not to the use of the plaintiff, but to their own use. The case stated in the complaint therefore failed. But the referee found that the contract under which the plaintiff permitted the defendants to receive the money was without consideration in law; that the plaintiff, in making it, was acting under the influence of the defendants and their legal advisers; and said agreement was not of her own act and will, and that it was invalid. He refused to find that no undue influence or coercion was practiced to induce her to perform the agreement after it was made.

The recovery was upon an entirely different cause of action from that stated in the complaint, and inconsistent with it. The case discloses that it was an essential and necessary part of the plaintiff's case to show, and her evidence tended to show, that she made a contract with the defendants, and then, in pursuance of that contract, paid the defendants the money she now seeks to recover, but that the contract was made and its terms performed under such circumstances as amounted to a fraud on her. The plaintiff having performed the contract, had no relief at law against her acts under it and acquiescence in it. It was necessary for her to avoid the legal effect of her own acts. Thus her complaint should have been in equity to procure relief against fraud or mistake, or both. When a plaintiff invokes equity, in order to establish an affirmative cause of action, he must set forth in his complaint the facts upon which he bases his claim to equitable relief. This is enjoined by the

requirement of the Code that the complaint must contain "a plain and concise statement of the facts constituting each cause of action." It is enjoined by numerous authorites. (*Bailey* v. *Ryder*, 10 N. Y., 363; *Rome Exchange Bank* v. *Eames*, 1 Keyes, 588; *Truesdell* v. *Sarles*, 104 N. Y., 164; *Arnold* v. *Angell*, 62 id., 508.)

The action in equity proceeds upon the theory that no adequate remedy exists at law; the action at law proceeds upon the theory that no relief in equity is needed. There are indeed cases in which it may be uncertain whether legal or equitable relief ought to be granted, like specific performance, but even in such cases the relief must be consistent with the complaint.

In the present case the complaint, being at law, implies that the plaintiff, in order to make out her case in the first instance, does not need to impeach the contract or its performance upon equitable grounds. Her recovery implies the impeachment of both upon equitable grounds. Hence the cause of action stated and the cause of action upon which recovery is had, are inconsistent with each other.

It may not be improper to add that if the plaintiff had made out a *prima facie* case at law, and the defendants had pleaded and proved the contract and its performance as new matter constituting a defense, then the plaintiff, without further pleading, unless a reply had been ordered (Code Civil Pro., § 516), could have assailed the contract and its performance upon equitable grounds (Id., 522), and if upon such grounds the defense had been overcome, the *prima facie* case first made would remain intact and a recovery should follow.

The case made by the evidence was not merely an immaterial variance between pleadings and proof, but an entire failure of proof. If the plaintiff made out any right to recover, it was not in the case she had before the court.

Judgment reversed, referee discharged, new trial granted, costs to abide the event.

FISH and PARKER, JJ., concurred.

Judgment reversed, referee discharged, new trial granted, costs to abide event.