JOHN C. WILMERDING and Others, Respondents, v. SENDER JARMU-LOWSKY, Appellant, Impleaded with Others.

*Valuable consideration — the grantee's title sustained by an inadequate considera-tion — a bona fide purchaser of real estate — actual notice to a purchaser for value of real estate.*

A valuable consideration does not necessarily mean an adequate consideration, and if the consideration for the sale of real estate is valuable and substantial, although inadequate as to amount, it will be sufficient to sustain the grantee's title to the premises conveyed unless he is chargeable with notice of a fraudulent intent on the part of his grantor.

The payment of the full value of real estate by a purchaser thereof is evidence bearing upon the question of *bona fides*, but it is not conclusive upon that question. It constitutes merely one circumstance to be weighed in connection with others that may be proved. So also inadequacy of consideration is a circumstance to be weighed in connection with others, but it is not conclusive, nor is it sufficient standing alone.

The severest rule which is ever invoked against a purchaser paying a valuable consideration for real estate arises in cases where there is an outstanding title, lien or equitable interest affected by the conveyance; in such a case the purchaser's title cannot be affected unless it be proved that prior to the consummation of the sale he had knowledge of facts sufficient to put him on inquiry as to the existence of the title, lien or equitable interest in conflict with that which he was about to purchase. If such knowledge be established, then in a case where a reasonable investigation would have disclosed the real situation, the grantee is presumed either to have made the inquiry and ascertained the extent of such prior right or to have been guilty of a degree of negligence equally fatal to his claim to be considered a *bona fide* purchaser.

A purchaser watching for an opportunity to buy real estate from which he can secure an advance will not be deprived of his purchase solely because it appears that he believed he was getting the property for less than he could sell it for. There must be other circumstances having a tendency to make a would-be buyer suspect that the offer to sell at a low price is induced, not by the pressing necessities of the grantor, but because of a desire to defraud others.

Where the conveyance to a purchaser of real estate for a valuable consideration is sought to be set aside on the ground that it was made with intent to defraud creditors at large having no special lien or equity in the premises in question, it must be shown that actual notice was given the grantee of the fraudulent intent, or knowledge by him must be proved of circumstances which were equivalent to such notice; circumstances sufficient to put the purchaser on inquiry, where full value has been paid for the land conveyed, are not sufficient.

APPEAL by the defendant, Sender Jarmulowsky, from a judgment of the Supreme Court in favor of the plaintiffs, bearing date the

26th day of April, 1894, and entered in the office of the clerk of the county of New York, upon the decision of the court rendered after a trial at the New York Special Term adjudging that a certain assignment was made with intent to hinder, delay and defraud creditors and setting aside a certain conveyance of real property.

*Morris Clark* and *David McClure*, for the appellant.

*Emanuel Blumensteil*, for the respondents.

PARKER, J.:

In so far as this judgment affects the title to the real estate conveyed by Philip Bernstein and wife to Sender Jarmulowsky it must be reversed. There is ample evidence to sustain the finding of fraud against Bernstein, and if the conveyance of the property in question had been to his assignee, or to this defendant Jarmulowsky, without a valuable consideration, the proof would have been sufficient to have supported the judgment rendered. But Jarmulowsky paid a valuable consideration, and he followed it up by not only taking possession of the property, but erecting on one of the lots a building costing upwards of $14,000. Where a valuable consideration is paid, a still further step has to be taken by the party attacking the conveyance in order to affect the purchaser. And a valuable consideration does not necessarily mean an adequate consideration. If valuable and substantial, although inadequate as to amount, it will be sufficient to sustain the grantee's title, unless he is chargeable with notice of the fraudulent intent of his grantor. (*Truesdell* v. *Sarles*, 104 N. Y. 164.)

The severest rule which is ever invoked against a purchaser paying a valuable consideration arises in cases where there is an outstanding title, lien or equitable interest affected by the conveyance, which, of course, does not include a case like this where only general creditors are affected. In such a case the purchaser's title cannot be affected unless it be proved that, prior to the consummation of the sale, he had knowledge of facts sufficient to put him on inquiry as to the existence of a right, title, lien or equitable interest in conflict with that which he was about to purchase. If that be established, then the law is, in a case where a reasonable investigation would have disclosed the real situation, that the grantee is pre-

sumed either to have made the inquiry and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim to be considered a *bona fide* purchaser. (*Williamson* v. *Brown*, 15 N. Y. 354; *Baker* v. *Bliss*, 39 id. 70; *Acer* v. *Westcott*, 46 id. 384; *Reed* v. *Gannon*, 50 id. 345; *Bennett* v. *Buchan*, 76 id. 386; *Kirsch* v. *Tozier*, 143 id. 390.)

Even under this rule the plaintiffs failed to establish a case. What facts tending in that direction have they proved this grantee had knowledge of prior to the conveyance? Nothing of moment, except inadequacy of consideration, towards which their evidence strongly points, so strongly that it is perfectly safe to say that the purchase price of the property was considerably less than its real value. The payment of full value by a purchaser is evidence bearing upon the question of *bona fides*, because an ordinarily prudent man will not pay full value under circumstances that may provoke a lawsuit and possibly a loss of the amount invested. But it is not conclusive upon that question. It constitutes merely one circumstance to be weighed in connection with such others as may be proved. So inadequacy of consideration is a circumstance to be weighed in connection with others, but it is not conclusive. Nor is it sufficient standing alone, for it is the general rule that dealers in real estate, and other property as well, are constantly on the lookout for what they term bargains. They buy only because they are convinced that they can sell again for a better price. And the purchaser, watching for an opportunity to buy real estate from which he can secure an advance, will not be deprived of his purchase solely because it appears that he believed he was getting the property for less than he could sell it for. There must be other circumstances having a tendency to make a would-be buyer suspect that the offer to sell at a low price is induced, not by the pressing necessities of the grantor, but because of a desire to defraud others.

Jarmulowsky, prior to the conveyance, had loaned Bernstein $3,000, and taken as security a mortgage upon the property, which was already incumbered by mortgages aggregating $31,750. A few months after the making of the loan, Bernstein applied to him for a further loan upon the property, which Jarmulowsky refused to grant. He was a large owner of real estate in that section of the city, having at that time title to property aggregating in valuation

about $350,000, and he said to Bernstein he would buy the property if he wished to sell it, upon a basis to be fixed by an appraiser whom he should select to value the property. Subsequently he sent an appraiser, who reported that $36,000 would be a fair valuation, and on Bernstein's coming again he informed him that he would pay that amount for it. Bernstein asked $38,000, but Jarmulowsky refused to pay any more, and a written agreement was entered into between them on June sixteenth for a sale of the property to him for $36,000. About ten days later the deed was executed and delivered, and Jarmulowsky, after deducting from the consideration agreed upon the amount of the mortgage and interest due thereon, paid to him the balance by check, amounting to $916.19. Two or three days later Bernstein made a general assignment for the benefit of his creditors, but there is no evidence, whatever, that Jarmulowsky knew of his intention in that respect, or that any facts or circumstances came to his attention which should have prompted an ordinarily prudent man to inquire whether the grantor had in his mind a scheme to cheat and defraud his creditors. And Jarmulowsky's conduct in erecting a building on one of the lots and paying for the same with his own money, tends, in some measure at least, to support the *bona fides* of the transaction so far as his part in it is concerned.

So far we have considered this matter as if it were governed by the rule established in *Williamson* v. *Brown,* and other cases cited *supra,* and have reached the conclusion that, even under that rule, a case was not made out which would support a judgment so far as it affects the conveyance to Jarmulowsky. But a different and less stringent rule seems to have been adopted in *Stearns* v. *Gage* (79 N. Y. 102) as to a purchaser of land who pays a valuable consideration in a case where the conveyance is sought to be set aside on the ground that it was made with intent to defraud creditors at large having *no special lien or equity.* This distinction seems to have been made because of the language of the statute relating to fraudulent conveyances. But, however that may be, the fact remains that the court asserted in that action, which was one to set aside a deed on the ground that it was fraudulent and void as against creditors, after quoting the statute, that "this plainly means that actual notice shall be given of the fraudulent intent or knowledge of circum-

stances which are equivalent to such notice. Circumstances to put the purchaser on inquiry where full value has been paid are not sufficient." The effect of this decision was to create an exception to the general rule asserted by *Williamson* v. *Brown.*

As this case is of the same character as *Stearns* v. *Gage*, it of course comes within that decision, and calls for other and different proof of notice than that required by *Williamson* v. *Brown*, the requirements of which were not even met by the plaintiffs, as we have already observed.

The judgment should be reversed as to the 'defendant Jarmulowsky and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment reversed as to defendant Jarmulowsky and new trial granted, with costs to appellant to abide event.