## GARVIE v. GREENE.

1. A motion to set aside the service of a summons does not extend the statutory time within which to answer.

2. A party relieved from default by a general order may plead limitations.

(Opinion filed April 16, 1897.)

Appeal from circuit court, Hyde county. Hon. LORING E. GAFFY, Judge.

Action by James Garvie against Judson L. Greene. From a judgment in favor of plaintiff, defendant appeals. Reversed.

The facts are stated in the opinion.

*Horner & Stewart*, for appellant.

The motion to set aside the service of the summons extended the time to answer and defendant was not in default. Mitchell v. Campbell, 13 Pac. 190. The plea of the statute of limitations is a legal and not an unconscionable defense. Sheldon v. Adams, 41 Barb. 54; Bank v. Gifford, 40 Id. 654; Gilchrist v. Gilchrist, 44 How. 317; Catlin v. Gunter, 11 N. Y. 368; 3 Wait's Prac. 666-7; Herman v. Rinker, 106 Pa. St. 121; Sossong v. Rosar, 112 Pa. St. 197; Mitchell v. Campbell, 13 Pac. 190; Searles v. Christensen, 5 S. D. 651.

*Albert Gunderson* and *Geo. L. F. Robinson*, for respondent.

A default will not be opened to allow the plea of the statute of limitations to be made. State v. Jennings, 10 Ark. 428; Sheets v. Baldwin, 12 Ohio 120; Pennington v. Gibson, 6 Ark. 446; Howe v. Hoyte, 11 How. Pr. 454; Newton v. Raw, 18 Ohio 240; Cook v. Spear, 2 Cal. 409; Garrison v. Hawkins Lumber Co., 20 So. 427; Heegaard v. Dakota L. & T. Co., 3 S. D. 569; Owen v. Olathe Silver Mine Co., 39 Pac. 980.

FULLER, J. On the 9th day of November, 1895, the defendant, appearing specially, moved to set aside the summons in this action, dated October 11th, immediately preceding, on account of an alleged jurisdictional defect in the service thereof;

and this motion, together with a counter motion for judgment in default of an answer, came on for determination at the opening of the regular December, 1895, term of the circuit court. At the hearing, both motions were overruled. Plaintiff was permitted to show a valid service by an amended return. The defendant was relieved from default, and thereupon allowed to serve and file an answer to the complaint, in which he pleaded and relied upon the statute of limitations as a defense to plaintiff's cause of action. The case coming on regularly for trial on the afternoon of the same day, the court, on motion of plaintiff's counsel, struck out and eliminated the foregoing defense, for the reason that a default will not be set aside to permit a defendant to avail himself of the statute of limitations as a defense to an action. To this ruling, counsel for the defendant preserved an exception. The case proceeded to a jury trial, resulting in a judgment for plaintiff, from which, and from an order overruling a motion for a new trial, the defendant appeals.

As a motion to set aside the service of a summons does not operate to extend the statutory time within which the defendant must answer, the contention of his counsel that no default existed is not sustainable. Shinn v. Cummins, 65 Cal. 97 3 Pac. 133. Whether, in the absence of an express statutory requirement, the inherent power of a court of general jurisdiction to relieve a defendant in default by an order allowing him to answer without any restriction as to subject-matter is affected by a rule of such court relating to the method of procedure, and requiring the submission of an affidavit of merit and copy of the proposed answer, need not be determined at this time, for the reason that no exception was taken to the order, and the point is not urged in this court. The order granted without restriction, opening the default generally entitled the defendant to interpose a meritorious defense—one that is good in law, not sham or frivolous; and the statute o limitations may in such a case be relied upon as a defense with

as much propriety, in contemplation of law, as the ground that the action was prematurely commenced.    The statute of limitations, being a promoter of peace, tranquility, and diligence, suggested by and reposing upon the soundest principles of an enlightened public policy, the decisions are, we think, just and of latest utterance which hold that a litigant relieved from default should be restored to his former right to plead and rely upon all the defenses he may have, legal, equitable, or both, and that he may thus be relieved for the sole purpose of interposing the statute of limitations.    The modern doctrine seems to be that where a judgment entered by default is opened, or leave is granted to answer, after the expiration of the time limited by statute, plaintiff's case is subjected to all the defenses that would have been available had no default ever existed. Mitchell v. Campbell (Or.) 13 Pac. 190; Sossong v. Rosar, 112 Pa. St. 197, 3 Atl. 768.    The supreme court of New York, in holding that it is improper to pass upon the validity of any proposed defense, not clearly frivolous in opening a default, and in permitting the service of an answer, makes the following pertinent observation:    "It is claimed, however, upon the part of the plaintiff, that the proposed defense is an unconscionable one, whatever that may mean.    The court of appeals has held that all defenses which are defenses are entitled to the same consideration by the court, and that a defense is a defense, whatever may be our private feelings in respect to it." Wilmerding v. Jarmulowsky, 85 Hun. 285, 32 N. Y. Supp. 983. See also, Searles v. Christensen, 5 S. D. 650, 60 N. W. 29. Manifestly a party has a vested statutory right to set up and rely upon all legal defenses, including the statute of limitations, whenever and wherever available as such; and courts ought not to discriminate against such plea in considering an application for relief from default.    Sheldon v. Adams, 41 Barb. 54; Freeman v. Hill, 45 Kan. 435, 25 Pac. 870.    By striking from appellant's answer all averments relating to the statute of limitations, he was deprived of a substantial right conferred by ex-

press legislative enactment, in consequence of which the judgment appealed from is reversed, and a new trial is ordered.