(21 Misc. Rep. 727.)

### GREENOUGH v. GREENOUGH et al.

(Supreme Court, Special Term, Washington County. December 4, 1897.)

1. FRAUDULENT CONVEYANCES—INADEQUACY OF PRICE.
    Mere inadequacy of price is not ground for vacating a deed as in fraud of creditors, unless the grantee had notice of the grantor's fraudulent intent.

2. JUDGMENT—PLEADINGS TO SUPPORT.
    In a suit by a judgment creditor to set aside his debtor's deed as fraudulent, where it appears that the grantee purchased in good faith, the fact that he did not pay full value does not authorize a judgment canceling the deed, and directing the property to be sold, and the balance remaining, after reimbursing the grantee, applied to plaintiff's judgment, no such relief being demanded in the complaint.

Action by Henry Greenough against A. Gordon Greenough and another to set aside a deed for fraud. Dismissed.

Potter & Lillie, for plaintiff.
O. A. Dennis, for defendants.

McLAUGHLIN, J. To entitle plaintiff to recover he must establish, in addition to a fraudulent intent on the part of the defendant Ernest Greenough, that the defendant Gordon Greenough was not a purchaser "for a valuable consideration," or else that he had notice, at or prior to the delivery of the deed to him, of the grantor's fraudulent purpose in giving it. The evidence fails to establish the existence of either condition. A valuable consideration does not necessarily mean full value; the statute is complied with if the sum is a substantial amount when compared with the value of the prop-

erty transferred. If it is, although inadequate, it will be held sufficient to sustain the grantee's title, unless he is chargeable with notice of the fraudulent intent of the grantor. Truesdell v. Sarles, 104 N. Y. 164, 10 N. E. 139; Wilmerding v. Jarmulowsky, 85 Hun, 285, 32 N. Y. Supp. 983. It is conceded that the defendant Gordon obligated himself to pay the $1,600 mortgage on the premises conveyed, and on which at the time of trial he had actually paid $1,300. That this was a valuable consideration cannot be seriously questioned, and I do not think it can be seriously questioned that he was a purchaser in good faith. There is absolutely no evidence which would justify a finding that he had notice of a fraudulent intent on the part of Ernest in making the transfer. Indeed, as I view this evidence, there is nothing to indicate that the defendant Ernest made the conveyance with a fraudulent intent. Fraud cannot be presumed; it must be proved. Every act is presumed to be honest, and this presumption prevails until evidence has been produced from which a legal conclusion can be drawn establishing the contrary. But it is urged that the defendant Gordon did not pay full value, and therefore, if he made the purchase in good faith, the deed nevertheless should be set aside, the property sold, and out of the proceeds Gordon first reimbursed, and then the balance applied on the plaintiff's judgment. This cannot be done for the reason that the complaint does not ask for such relief; and if it would be proper under any circumstances for a court to convert an absolute conveyance into what, in legal effect, would be a mortgage, the facts are not alleged in the complaint or established by the evidence which would justify it in this case. Indeed, to do this would violate every rule of pleading. It is well settled, both upon principle and authority, that a judgment cannot be given in favor of a plaintiff upon facts not stated in, or at least fairly inferable from, those set out in his complaint. Truesdell v. Sarles, 104 N. Y. 164, 10 N. E. 139.

The complaint should be dismissed.