THEODORE KIRSCH, by Guardian ad Litem, et al., Respondents,
*v.* ORANGE L. TOZIER et al., Appellants, et al.

A person dealing with a trustee must take notice of the scope of his authority, and, while an act within his authority, done by him with intent to defraud the estate, and which accomplished that purpose, will bind the estate or the beneficiaries, as to third persons acting in good faith and without notice, where the act is beyond the scope of the trustee's authority, such third person is not protected.

Defendant L., who, pursuant to an arrangement, had bid off at a fore-closure sale certain lands in which three infants had an interest as children and heirs at law of the deceased mortgagee, upon receipt of a deed from the widow of the mortgagor of her interest in the lands, executed a mortgage thereon to defendant O. in trust for the three children for $1,000, payable in three installments, with interest, which mortgage was duly recorded. Subsequently L. conveyed the lands to O., who thereafter, and on February 19, 1886, executed, without consideration, and acknowledged a discharge of the mortgage, which he caused to be recorded on March 9, 1886. The first installment of the mortgage was not then due. In an action by the children to reinstate the mortgage and to foreclose the same it appeared that before the execution of the discharge, O. applied to defendant, the B. Sav. Bank, for a loan on the property, which application was granted February 1, 1886. On examination of the title an abstract by the county clerk was submitted to the bank; this contained a memorandum of the mortgage, which was described as given in trust for said minor children. Across this was written: "Discharged March 6, 1886." The bank made the loan, having no notice or knowledge of the mortgage except as given by the abstract and the record of the mortgage. *Held,* that the acceptance by O. of the mortgage containing the declaration of trust was an acknowledgment of the trust and bound him to perform it; that the satisfaction of the mort-gage was a breach of trust; that the bank was chargeable with knowl-edge of the trust, also of the facts that the relation of the trustee to the property had changed so that when he executed the satisfaction he was himself the owner of the land, and in satisfying the mortgage was deal-ing with the trust, and that he satisfied it before it became due; that there was no indication in the mortgage of authority in the trustee to accept payment before it became due, or to vary the trust security; that the bank was bound to inquire by what authority the trustee acted, and having failed to do so, and in the absence of proof of any affirmative power conferred upon him, it was not protected, and that plaintiffs were entitled to the relief sought.

Reported below, 63 Hun, 607.

(Argued October 12, 1894; decided October 23, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made August 16, 1892, which affirmed a judgment in favor of plaintiffs entered upon the report of a referee.

This action was brought to reinstate a mortgage executed by the defendant Lester H. Tozier and his wife to the defendant Orange L. Tozier, which was made in trust for the plaintiffs, Michael Kirsch and Theodore Kirsch, and for Peter Kirsch, now deceased, minor children of John Kirsch, to set aside a discharge of such mortgage executed by Orange L. Tozier, and for foreclosure of the mortgage and sale of the mortgaged premises for the benefit of the persons named as *cestui que trust.*

The lands in question consist of 102 acres situate in the town of Sheldon, Wyoming county, New York, of which John Kirsch died seized in the year 1872. On the 8th day of January, 1873, the defendant Orange L. Tozier was appointed general guardian of the infant children, Michael J., Theodore and Peter Kirsch. At the time of his death John Kirsch owed debts which, with the incumbrances upon his real estate, exceeded the value of both his personal and real property. Orange L. Tozier and Elizabeth Kirsch, the latter the widow of the deceased, were appointed administrators of the estate of John Kirsch. Subsequently to this it was agreed between them and Lester H. Tozier, a son of Orange L. Tozier, that they should purchase the mortgages then existing on the farm, foreclose them, and procure a title to the land, and convey the same to Elizabeth Kirsch, who should, in turn, by mortgage thereon, secure to Lester H. Tozier the amount paid by him, and give a mortgage upon the farm of $1,000 to these three children. This arrangement was carried out, except that upon a sale of the lands, either by direct purchase at the sale or by deed coming immediately from the purchaser, Lester H. Tozier became the owner for the consideration, in all, of $1,131.56. Thereupon it was further arranged between Orange L. Tozier and the widow, Elizabeth Kirsch, that the widow should convey to the then holder of the title, Lester H.

Tozier, all her interest in the lands to which she was entitled as widow, and that a mortgage should be executed by Lester H. Tozier to Orange L. Tozier, in trust for the three children, in the sum of $1,000, one-third thereof payable to each of the three children when he should arrive at age, with interest in the meantime. Having received the deed from Mrs. Elizabeth Kirsch, Lester H. Tozier and his wife executed to Orange L. Tozier, in trust for Michael Kirsch, Peter Kirsch and Theodore Kirsch, "minor children of John M. Kirsch, deceased," the mortgage in question, dated the 15th day of October, 1875, expressing a consideration of $1,000, payable as follows: The sum of $333.33 November 13, 1887; the sum of $333.33 March 18, 1891, and the sum of $333.33 October 6, 1892, with interest payable annually from the 1st day of April, 1876. This instrument was delivered to Orange L. Tozier, who caused the same to be recorded in the proper clerk's office on the 23d day of October, 1875. The mortgagee and trustee paid the interest upon this mortgage to Elizabeth Kirsch, the mother of the children, in pursuance of a previous arrangement, until the spring of 1886, since which time no part of the principal or interest has been paid thereon by the trustee for the benefit of either of the children.

On the 3d day of September, 1883, Lester H. Tozier and his wife executed and delivered a deed of the farm to Orange L. Tozier, at a consideration, as expressed in the deed, of $4,000, and the record title of such farm has since been in Orange L. Tozier. After acquiring this title, and on the 19th day of February, 1886, Orange L. Tozier executed and acknowledged a discharge of the mortgage, and caused the same to be recorded in the proper clerk's office on the 9th day of March, 1886. On the 27th day of January, 1886, before the execution of such discharge, Orange L. Tozier applied to the defendant, the Buffalo Savings Bank, for a loan of $2,000 upon his farm, which application was granted on the 1st day of February, 1886; and on an examination of the title of such farm, submitted to the officers of the bank, there was an abstract certified by the proper clerk of Wyoming county to

the effect that Orange L. Tozier appeared to be the owner of
the farm.   On such abstract a memorandum of the mortgage,
sought by this action to be reinstated, described the mortgage
simply as being given for $1,000 and interest, "in trust for
Michael Kirsch, Theodore Kirsch and Peter Kirsch, minor
children of John M. Kirsch, deceased," having written across
the face of the memorandum as follows : "Discharged March
9, 1886, E. M. Jennings, Clerk." The defendant, the Buffalo
Savings Bank, at the time of taking its mortgage and advan-
cing the money thereon, had not, either through any of its
officers or attorneys, any knowledge or notice of the existence of
this mortgage now sought to be reinstated in this action, except
the memorandum on the abstract of title of its discharge, and
the constructive notice given by the record of such mortgage.

*Adolph Rebadow* and *Johnson & Charles* for appellants.
This action cannot be maintained by the plaintiffs for the
relief asked for in the complaint.   The title to the estate is in
the defendant Orange L. Tozier, and the promise to pay was
made to him and to no other person. (*N. R. R. Co.* v.
*Nolan*, 48 N. Y. 513; *Wetmore* v. *Porter*, 92 id. 76; *Boon*
v. *C. S. Bank*, 48 id. 83 ; *Mabie* v. *Bailey*, 95 id. 206 ; *Bunn*
v. *Vaughan*, 1 Abb. Ct. App. Dec. 253; Perry on Trusts,
§§ 225, 321, 613, 814; *McPherson* v. *Rollins*, 107 N. Y. 316.)

*Spencer Clinton* for the Buffalo Savings Bank, appellant.
The Buffalo Savings Bank was not chargeable with notice
that Mr. Tozier had no authority to discharge the mortgage
in question. (*Field* v. *Schieffelin*, 7 Johns. Ch. 150; *Bogert*
v. *Hertell*, 4 Hill, 492 ; *Swarthout* v. *Curtis*, 5 N. Y. 301;
*Acer* v. *Westcott*, 46 id. 354 ; *Briggs* v. *Davis*, 20 id. 15.)

*F. C. Peck* and *Frank W. Brown* for respondents.   It
appears by an examination of the case that the appellants
made no requests for findings, and, hence, the question of
whether the findings were against the weight of evidence is
not presented by any exception contained in the record.
(*Hugo* v. *Shank*, 4 N. Y. Supp. 929.)   Plaintiffs can maintain

this action. (Code Civ. Pro. §§ 488, 499; *Hubbell* v. *Medbury*, 53 N. Y. 102; *Dodge* v. *Stevens*, 94 id. 209; *Waterman* v. *Webster*, 108 id. 158.) The mortgage in question in terms recites that it is given to Orange L. Tozier in trust for the plaintiffs, the children of John Kirsch, deceased, naming each of them, and the execution and delivery thereof to Orange L. Tozier, in trust, made him trustee of an express trust. (Code Civ. Pro. § 449; *Hathaway* v. *Payne*, 34 N. Y. 107; *Worrall* v. *Munn*, 5 id. 238; *Braymon* v. *Bingham*, 32 id. 491; *People* v. *Bostwick*, 26 id. 483; *Wallace* v. *Burdell*, 97 id. 14.) The record of this mortgage, which recited on its face that it was executed and given in trust for these infants, was constructive notice to the defendant, the Buffalo Savings Bank, that Michael J. Kirsch, Peter Kirsch and Theodore Kirsch each had a beneficial interest in the execution of the trust so created. (*Waterman* v. *Webster*, 108 N. Y. 165.) The order of the Special Term, granting an additional allowance of costs, and the decision of the General Term, modifying and affirming such order, was right. (Code Civ. Pro. § 3253.)

ANDREWS, Ch. J. The only serious question presented on the record arises on the claim of the Buffalo Savings Bank, that it was not chargeable with notice nor put upon inquiry to ascertain that the defendant Tozier had no authority to discharge the mortgage in question. The savings bank, when it took its mortgage, had constructive notice of every fact which could have been ascertained by an inspection of the deeds, or mortgages, on record in the chain of title. An inspection of the records would have disclosed the mortgage given by Lester H. Tozier in October, 1875, and that it was given "in trust" for the three minor children of John M. Kirsch, deceased; that the lands covered by the mortgage were subsequently, in 1883, conveyed by Lester H. Tozier to Orange L. Tozier, the mortgagee named in the mortgage given in trust for the minor children of John M. Kirsch; that after such conveyance, and in March, 1886, Orange L. Tozier, then

being the owner of the lands and also the mortgagee "in trust," in that mortgage, himself executed and caused to be recorded a satisfaction of the mortgage, and that this occurred before any part of the sum secured by the mortgage had become due. There can be no doubt that the satisfaction of the mortgage was as to the defendant Orange L. Tozier a breach of trust. The satisfaction was without consideration. The question whether Tozier held the mortgage as trustee impressed with a trust in favor of the three children of John M. Kirsch, admits of no doubt. The implication from the nature of the instrument, the character of the beneficiaries and the division of the payments into three equal parts, payable at specified but different dates in the future, is that the instrument was intended to secure to the several beneficiaries as they became of age an equal share of the sum for which the mortgage was given. The acceptance by Orange L. Tozier of the mortgage containing the declaration of the trust was an acknowledgment of the trust on his part and bound him to perform it. The trust was expressed in the instrument, although not fully set out in words, and any act thereafter done by him in contravention of the trust was by the common law and by the statute void. (St. Uses and Trusts, 1 Rev. St. § 65.) The discharge of the mortgage was not intended for the benefit of the infants, but to deprive them of the benefit of the security, and, as we have said, was a plain breach of trust. The bank knew, or must be presumed to have known, when it took its mortgage, because an examination of the records would have disclosed the facts, (1) that the mortgage was taken by Tozier in trust for infants; (2) that he satisfied it before it became due; (3) that his relation to the property had changed, so that when he executed the satisfaction he was himself the owner of the land, having an adverse interest to those beneficially interested in the security, and (4) that in satisfying the mortgage he was dealing with himself. Persons dealing with a trustee must take notice of the scope of his authority. An act within his authority will bind the trust estate or the beneficiaries as to third persons acting in good faith and without notice, although

the trustee intended to defraud the estate, and actually did accomplish his purpose by means of the act in question. It has frequently been held that a person dealing with an executor, administrator or trustee, who, from the nature of his office, or by the terms of the trust, has power to satisfy or transfer the securities of the estate, or to vary the investment from time to time, is not bound to go further and ascertain whether in fact the act of the executor or trustee is justified, and that no breach of trust was intended. It is sufficient for his protection that he acts in good faith, and if the act of the executor or trustee is justified by the terms of the power, the party dealing with him is protected. (*Fuld* v. *Schieffelin,* 7 Jo. Ch. 153.) But circumstances were disclosed by the record when the bank took its mortgage, which precluded the bank from relying upon the recorded satisfaction of the prior mortgage. There was no indication in the mortgage that any power was vested in the trustee Tozier to accept payment of the mortgage before it became due, or to vary the trust security. There was no such affirmative power conferred upon him in fact, and the case of *McPherson* v. *Rollins* (107 N. Y. 316) seems to be a decisive authority that there is no implication of such a power in case of a trustee of a specified security for the benefit of minors, and no other evidence of his actual authority exists than may be implied from the fact that he is trustee of the security. The rule declared in that case operated with great severity upon one who, without any actual notice, bought the property upon an official certificate that no lien existed on the premises, paying full value therefor. There the mortgage was given to secure the payment of an annuity to the mortgagee, and also annuities to two minors until they should become of age. The mortgagee afterwards, and before the expiration of the minority of the two children, without consideration, assumed to discharge the mortgage and the satisfaction was duly recorded. It was held that the trustee had no power to satisfy the mortgage before the termination of the trust, and that the purchaser was not protected. It is difficult to perceive any solid distinction between that case

and the present. In *McPherson* v. *Rollins* there was no express direction that the mortgage security should remain unchanged during the term of the trust. It was given to secure annuities presumably for maintenance. Here the mortgage was given to secure a gross sum, for the benefit of infants, the shares being payable, as was to be inferred, on their severally attaining full age. There is a very pregnant circumstance in the present case bearing upon the point of constructive notice. The bank relied upon a discharge by Tozier of a lien held by him as trustee on his own land. The transaction as disclosed by the record showed that in executing the satisfaction Tozier was dealing with himself, and that the act was in his own interest, and not only so, but that the mortgage was not due. Tozier was acting in the double capacity of owner of the land and trustee of a lien thereon for other persons. The transaction was unusual and special and the savings bank with knowledge of Tozier's relation to the land as owner and trustee was, we think, bound to inquire by what authority he acted, and if inquiry had been made the invalidity of the transaction would or might have been disclosed. What circumstances will amount to constructive notice or will put a party upon inquiry is, in many cases, a question of much difficulty. A purchaser is not required to use the utmost circumspection. He is bound to act as an ordinarily prudent and careful man would do under the circumstances. He cannot act in contravention to the dictates of reasonable prudence or refuse to inquire when the propriety of inquiry is naturally suggested by circumstances known to him. The circumstances of this case made it, we think, the duty of the bank to inquire in respect to the authority of Tozier to discharge the prior mortgage, and having failed to do so, is not entitled to protection as a *bona fide* purchaser. (*Baker* v. *Bliss*, 39 N. Y. 70 and cases cited ; Story Eq. Jur. sec. 400 *et seq.*) The other questions are satisfactorily disposed of in the opinions of the referee and at General Term, and do not require further elaboration.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.