(13 Misc. Rep. 729.)

### GENERAL SYNOD OF REFORMED CHURCH v. O'BRIEN et al.

(Supreme Court, Special Term, Kings County.   August, 1895.)

ESTOPPEL BY DEED—ASSERTING PREVIOUS TITLE.

A widow, in violation of her duty as guardian in socage of her children, permitted to be sold under a mortgage, and purchased in her own name, the land held by her as such guardian, and in which she had a dower interest. She then mortgaged the land, and afterwards conveyed it by warranty deed to one of her sons, "subject to all mortgages and liens now on said premises." *Held*, that the son, by accepting such deed, was not estopped to deny that the mortgage executed by his mother was a lien on his share of the premises, which he held in common with his brothers and sisters.

Action by the General Synod of the Reformed Church against Florinda O'Brien and others to foreclose a mortgage. The land was sold under a judgment of foreclosure, and the purchaser moves for an order putting him in possession. Denied.

A. P. Bates, for the motion.

H. F. Koepke, opposed.

GAYNOR, J.   Upon the father's death intestate, the title to the land became vested in his nine children, as tenants in common, subject to the mortgage and to the widow's dower. One of the children was by a former marriage. The widow took possession of the property, and thereby became charged with the relation of guardian in socage to her said eight children, who were all infants. One of her said children afterwards dying, she became vested with a life estate in such child's share. The widow's duty as guardian in socage was to apply the rents to the interest upon the mortgage, and, even beyond that, to prevent the foreclosure of the mortgage. 2 Rev. St. p. 153, § 20. It should be presumed on this motion that she failed in this duty, for the mortgage was foreclosed, and the fact cannot be appropriately litigated herein. At the sale she became the purchaser, individually. It is true she had an individual interest to protect, but it seems that did not make her free to purchase for herself. Knolls v. Barnhart, 71 N. Y. 474; Scholle v. Scholle, 101 N. Y. 167, 4 N. E. 334. Where a trust relation is inconsistent with an individual interest of the trustee, the former is deemed paramount. A trustee can have no duty to himself inconsistent with his trust duty. Here wards have the right to elect to take the benefit of the purchase. But, leaving that question for future decision in any action brought to adjust the rights between the parties, it remains that if the widow, through neglect of her duties as guardian in socage to apply the rents on the mortgage or otherwise, suffered the foreclosure to occur, she could not get title against her wards through the sale caused by such breach of trust. Carpenter v. Carpenter, 131 N. Y. 101, 29 N. E. 1013.

The present foreclosure action was of a mortgage given by the widow after she took title, as aforesaid, under the former foreclosure. The said child by the former wife had become of age before

v.35 N.Y.s.no.6—14

that foreclosure, and as no trust relation then existed between her and the widow, the widow acquired her interest thereby. It follows that the widow's mortgage covered her dower interest, her life estate in the share of her said deceased child, and the share of the said child by the former wife. Some time after making such mortgage, the widow made what purported to be a warranty deed of conveyance of the entire property to her son Keran, the same being in so many words, "subject to all mortgages and liens now on said premises"; and for that reason he was made a party defendant to this action. It is claimed that his acceptance of such conveyance made the said mortgage a lien upon his share, or paramount to his title thereto. This seems not so. His mother had a right to execute the mortgage, but it could cover only her interest; and his acceptance of the said conveyance could not enlarge the interest of the mortgagee. There is no foundation for an estoppel against him in favor of the mortgagee. There is no privity between them, and his acceptance of the deed in no way induced or affected the mortgagee. Nor was his acceptance of the conveyance an unequivocal ratification of the act of his mother in purchasing individually. On the contrary, such acceptance is consistent with an intention on his part to claim that she purchased in part as his trustee, and that the mortgagee got no lien except upon her individual interest. He purchased subject to her mortgage on the premises, whatever the lien of it was. He did not thereby extend the lien. Nor can the mortgagee be treated on this motion as having acted in good faith and without notice. The record of the first foreclosure showed the interests and probable relation of the widow and children, and that was enough to put any one dealing with the title upon notice. Kirsch v. Tozier, 143 N. Y. 390, 38 N. E. 375.

The said son having an apparent interest in the premises which is prior to the mortgage, and being in possession thereunder, the motion for an order putting the purchaser into that possession must be denied; but as the purchaser is at least a tenant in common, with right to the possession, of two undivided ninths, the motion is granted to that extent; the order to be entered not to be res adjudicata in respect of the rights or interests of either party in any action that may be brought.

Ordered accordingly.