DETERMINED IN THE

# SECOND DEPARTMENT

IN THE

# APPELLATE DIVISION,

## 𝕱𝖊𝖇𝖗𝖚𝖆𝖗𝖞, 1898.

---

FRANK F. SPENCER and CARO A. T. SPENCER, Appellants, v. HENRY WEBER, Respondent, Impleaded with Others.

*Trust — when a trustee holding a mortgage has power to assign it and his assignee to receive the principal — the mortgagor is not bound to see that the money is properly applied.*

The will of a testator directed his executors to invest $6,000 upon bond and mortgage, and bequeathed part of the income thereof to his mother and part to his sister for their lives, and provided that after the death of either or both of them the interest money should be "collected, controlled, managed and held in trust" by a trustee for the benefit of the testator's two children, "in such manner as shall yield the greatest aggregate increase."

By a subsequent clause the testator directed that the executors should immediately deliver the mortgage to a specified trustee who was to "control and manage said securities, receive, collect and pay over the interest and principal due or to grow due thereon, and in all things to carry out the directions and provisions of this will as to said investment of six thousand dollars and any matter connected therewith;" and upon the two infant children of the testator respectively attaining their majority, an event which was, in the case of the youngest child, fifteen years distant, they were each to obtain a moiety of the principal of the fund and of any interest thereon.

*Held,* that under the will the trustee had the power to vary the investment and change the securities;

That the mortgagor was protected in paying the mortgage upon the maturity thereof to the attorney of the trustee to whom the trustee had assigned it, and was not bound to ascertain whether the trustee had acted providently or honestly in so assigning it.

Where a trustee has power by the terms of his trust to manage the securities and vary the investment, he has power to transfer the personal property of the trust and to collect the moneys and incidentally to give proper discharge therefor, and the debtor is not bound to see to the proper application of the moneys by the trustee to the purposes of the trust.

APPEAL by the plaintiffs, Frank F. Spencer and another, from a judgment of the Supreme Court in favor of the defendant Henry Weber, entered in the office of the clerk of the county of Kings on the 15th day of July, 1897, upon the decision of the court rendered after a trial at the Kings County Special Term dismissing the complaint upon the merits.

*George H. Fletcher*, for the appellants.

*Thomas E. Pearsall*, for the respondent.

GOODRICH, P. J.:

The action is primarily brought to foreclose a mortgage of $3,000, made by the defendant Henry Weber and wife to the defendant Alston, as substituted trustee under the will of Thomas T. Spencer, deceased. Incidentally the plaintiffs demand that the assignment of the mortgage by the trustee to the defendant Maben and a certificate of satisfaction executed by Maben be adjudged void and vacated.

Thomas T. Spencer died on October 28, 1877, leaving a will which was admitted to probate in January, 1878, and contained the following provisions :

"*Fifth.* As soon as my said executors shall receive or realize the sum of six thousand dollars ($6,000) from the avails, or on account of my estate, in excess of the amount required for the payment of my debts and funeral expenses, I authorize and direct them to invest the same, that is, said $6,000, for the benefit of my two minor children, Caroline Ann Taylor Spencer and Frank Fessenden Spencer, on bond and mortgage on unincumbered real estate (which may be on my real property by them sold or other real property) of twice the value of the amount loaned, at an interest of and at the rate of seven per cent per annum, payable semi-annually."

"*Seventh.* I give and bequeath the said principal sum of six thousand dollars, so to be invested as aforesaid, and the income thereon, as hereinafter stated, to my said two children, Caro A. T. Spencer and Frank F. Spencer, to be divided and apportioned between them as hereinafter stated, and I direct that the said investment shall remain intact and invested as aforesaid until my eldest child, Caro A. T. Spencer, shall arrive at full age, when I order and direct that a moiety of said principal sum, together with a moiety of the

interest and increase thereon, set forth in the last clause of the eighth paragraph of this instrument, be paid to Caro A. T. Spencer for her sole use and benefit. I direct that the remaining moiety of said principal sum shall remain intact and on interest until my youngest child, Frank F. Spencer, shall arrive at full age, when I order and direct that the said remaining moiety of said principal sum, together with the remaining moiety of interest and increase thereon set forth in said last clause of the eighth paragraph of this instrument be paid to said Frank F. Spencer for his sole use and benefit.

" *Eighth.* I give and bequeath to my said mother, Sarah Spencer, from the interest growing out of said loan of six thousand dollars for and during the term of her natural life, the annual sum of three hundred and forty dollars ($340), and direct that the same be paid to her in quarterly payments of eighty-five dollars ($85) each, less charges for collecting and paying the same, and I give and bequeath to my said sister Sarah Reynolds out of said interest for and during the term of her natural life, the annual sum of eighty dollars ($80) and direct that the same be paid to her in quarterly payments of twenty dollars ($20) each, less legal charges for collecting and paying the same. Upon the death of my said mother and sister Sarah, or either of them, I direct that the legacies herein given to them shall cease ; and all interest money on account of said investment of six thousand dollars from that time forth shall be collected, controlled, managed and held in trust by the United States Loan and Trust Company, located in New York city, for the benefit of my said children, Caro A. T. and Frank F., until they shall respectively arrive at full age, and in such manner as shall yield the greatest aggregate increase.

" *Ninth.* As soon as my said executors shall have invested said six thousand dollars as hereinbefore directed, I authorize and direct them, my said executors, to transfer and make over to said United States Loan and Trust Company the securities so taken on account of said investment, to be received by said company in trust for the benefit of my said two children, Caro A. T. Spencer and Frank F. Spencer. And it is my will and direction that thereafter said United States Loan and Trust Company shall control and manage said securities, receive, collect and pay over the interest and princi-

pal due or to grow due thereon, and in all things to carry out the directions and provisions of this will as to said investment of six thousand dollars and any matter connected therewith."

The executors collected the sum of $6,000 and invested the same in two bonds of $3,000, which were secured by mortgage on real estate in the city of Brooklyn, one made by one Monghan, and the other by one Streker. The United States Loan and Trust Company refused to accept the appointment of trustee under the will, and Alston was substituted as trustee in its place. On September 22, 1882, Spencer's executors duly assigned and delivered to Alston, trustee as aforesaid, the two bonds and mortgages. Thereafter Alston foreclosed the Streker mortgage and the premises were sold for the sum of $4,125 to the defendant Henry Weber, to whom the premises were conveyed by the referee on foreclosure, Weber giving in part payment a bond and mortgage upon the premises, to secure $3,000 of the purchase money, the mortgage being payable to said Alston as trustee of the estate of Thomas T. Spencer, deceased, on July 1, 1886, and the present action relates to this mortgage.

On October 23, 1883, Alston, "as trustee of the estate of Thomas T. Spencer, deceased," executed an assignment of the bond and mortgage to Wilber B. Maben, a lawyer and the legal adviser of Alston as trustee. From that time the interest money, as it became due, was paid by the mortgagor to Maben At the maturity of the mortgage on July 2, 1886, Weber paid Maben the principal and the interest then due on the mortgage, and obtained a certificate of satisfaction, which was recorded in the office of the register of Kings county. The record of the mortgage was marked "canceled of record."

Caro A. T. Spencer, the elder child, became of age on July 22, 1890, and Frank, the younger child, on March 6, 1893. In September, 1896, a citation was issued requiring Alston to settle his accounts, and in such proceeding the surrogate made a decree that Alston should pay to the children, as beneficiaries of the trust, the principal and interest of the fund. Execution was issued and returned unsatisfied, and Alston absconded. Maben died about June, 1886. The action was tried at Special Term, and a judgment was entered in favor of the defendant Weber, dismissing the com-

plaint upon its merits, and from this judgment the present appeal is taken.

The plaintiffs contend that the mortgagor was bound, before dealing with Maben, to ascertain his powers, and that such knowledge could have been obtained by an examination of the will, under which the trustee had no power to satisfy the mortgage when once executed, while the respondent contends that, even if he were bound to that course, the trustee and his assignee or attorney (in whichever capacity Maben was acting) had power to accept payment of existing mortgages, and that, while he was bound to keep the investment of $3,000 intact, he had the right to vary the investment and to receive the principal and reinvest the same. This question must be settled by a reference to the terms of the will, where we may derive the intention of the testator, for that is at once the source and the limitation of the trustee's power. The testator directed the executors, as soon as they had realized the sum of $6,000, to invest the same on bond and mortgage for the benefit of the two minor children; and further bequeathed the said principal so invested and the income thereon to the children, said investment to remain intact and invested until the elder child became of age, when she was to receive a moiety of the principal, interest and increase, the remaining moiety to remain intact until the younger child became of age, when he was to receive the other moiety, and in case of the death of either one before majority, the share of the deceased child to go to the survivor, and in case of the death of both before attaining majority, he bequeathed the children's legacy to his brothers and sisters. He also bequeathed three-quarters of the income of the children's legacy to his mother during her life, and one-quarter to his sister during her life, and, after the death of both of them, all interest money on account of said investment from that time forth was to "be collected, controlled, managed and held in trust by the United States Loan and Trust Company," for the benefit of his children until they respectively arrived at full age; and in such manner as to yield the greatest aggregate increase. The executors were directed to turn over the bond and mortgage securities, immediately after their receipt, to the company as trustee, to be received by it in trust for the children, and it was to "control and manage said securities, receive, collect and pay over the interest and principal due or to

SECOND DEPARTMENT, FEBRUARY TERM, 1898.          [Vol. 26.

grow due thereon, and in all things to carry out the directions and provisions of this will as to said investment of six thousand dollars and any matter connected therewith."

It is clear that the scheme of the testator was that there should be no discretion conferred upon the executors as to the investment by them of a sum of $6,000 on bond and mortgage on unincumbered real estate of twice that value, and that thereupon they were to turn these papers over to the trustee, which should thereafter control and manage the securities. There is some difference in the collocation of words used in the paragraphs of the will referred to as to the interest and as to the principal. As to interest, in one paragraph the trustee was authorized, in case of the death of the mother and sister, to collect, control, manage and hold in trust the interest money until the children respectively arrived at majority, in such manner as should yield the greatest aggregate increase, while by another paragraph the trustee was authorized to control and manage said securities and receive, collect and pay over the interest and principal due or to grow due thereon.

It is not evident to my mind why the testator repeated in the paragraphs the word "interest;" but the words "collect," "manage" and "control" are used in both paragraphs in respect to interest as well as principal. Thus it would seem that the testator intended to give the trustee the same power of collection as to principal which it possessed as to interest. It can hardly be supposed that the testator expected that any investment or mortgage could be obtained which would in terms extend over the period of fifteen years minority of the younger child, before the trustee could, under the provisions of the will, pay over to such child his share of the estate. Common experience shows that such a long period for the payment is seldom provided in a mortgage. It is true that while many mortgages remain uncollected for many years, yet almost invariably the term of payment named therein is a short one, seldom exceeding two to five years. These facts, coupled with the right of the mortgagor by the terms of his mortgage to pay off at maturity, show quite clearly that a trustee could hardly be expected to invest the legacy upon a mortgage non-payable for fifteen years, and if he could not be expected to do this, then, in order to carry out the intention of the testator to keep the legacy intact, he would be compelled

to invest and reinvest the principal and to change from one mortgage security to another as often as the mortgagors should elect to pay off their mortgages. In other words, the trustee had power to control and manage the investment and to change and vary the securities.

The rule is that where a trustee has power by the terms of his trust to manage the securities and vary the investment as circumstances may arise, making such change and variation necessary, he has power to transfer the personal property of his trust and to collect the moneys and incidentally to give proper discharges therefor; and the debtor is not bound to see to the proper application of the moneys by the trustee to the purposes of his trust. (Perry Trusts [3d ed.], §§ 225, 814; *Kirsch* v. *Tozier*, 143 N. Y. 390.)

It was also held in *Dillaye* v. *Com. Bank of Whitehall* (51 N. Y. 345) that, under similar conditions, even the assignment of a mortgage impressed with a trust, to a *bona fide* purchaser or pledgee, cannot be impeached by the *cestui que trust*. It is not necessary to discuss the question whether Maben was in fact a *bona fide* purchaser. The question is whether the mortgagor, when he paid off the mortgage, was bound to inquire into that fact or could rely upon the production of an assignment of the mortgage to Maben, pay the principal to him and obtain a satisfaction piece therefor. The assignment from a client to his attorney is not void; it is voidable and may be attacked; but I know of no authority which compels a *bona fide* dealer with an attorney to inquire into the circumstances to see whether the dealings of the attorney with his client are such as to make the transaction void. The assignment of the mortgage to Maben contained the usual condition constituting Maben the lawful attorney of Alston, "to have, use and take all lawful ways and means for the recovery of the said money and interest."

In the case of *Field* v. *Schieffelin* (7 Johns. Ch. 150) it was held by Chancellor KENT that the guardian for an infant has the legal right to sell and assign a bond and mortgage made by him to such guardian in the due exercise of his discretion, before the maturity thereof, the necessity or expediency of such sale resting entirely in his judgment and discretion, and that the purchaser is not bound to inquire into the necessity of the assignment, or see to the application of the purchase money. In the case of *Suarez* v. *de Montigny* (1 App. Div. 494) the court recognized the doctrine cited from Perry

on Trusts (*supra*), and also cited the case of *Kirsch* v. *Tozier* (*supra*). There are authorities which favor the contention of the plaintiffs as to the payment of a mortgage to a trustee before its maturity. It is unnecessary to refer to these authorities, as in the present case the mortgage was only paid at maturity, in accordance with its express terms. Even if it be said that the mortgagor was put upon notice of the terms of the mortgagee's trust, it is evident that he would have only been bound to notice the fact that, by the terms of the trust instrument, *i. e.*, the will, the trustee had power to manage, control and invest, and the power to vary and change the securities; and this power, within the authorities cited, would have justified him in paying off the mortgage at maturity as he did.

We are of the opinion stated by the learned justice at Special Term, so far as he holds that the trustee had power under the will to change the investment, that he was not restricted to holding a single mortgage until the younger child became of age; that he could sell it and invest the proceeds otherwise, and that the mortgagor was not required to ascertain whether the trustee acted providently or honestly in his disposition of the mortgage. It becomes unnecessary, under our views, to consider the other question, whether or not the plaintiffs' right of action has expired by limitation.

The judgment is affirmed, with costs.

All concurred.

Judgment affirmed, with costs.