■ MARVIN R. DYE et al., as Trustees for Bondholders Under a Certain Instrument of Trust with Standard Rochester Brewing Co., Inc., Respondents, v. AARON LEWIS et al., Appellants, et al., Defendants.— Order unanimously modified in accordance with memorandum, and as modified affirmed, with costs to appellant; Witmer, J., not participating. Memorandum: While it would appear that the trust instrument upon its face granted the authority to the plaintiffs' predecessor trustees to release the lien of the mortgage sought to be foreclosed if in the opinion of the trustees such action would not prejudice the security provided for the bondholders, a question of fact is presented as to whether the mortgaged premises were transferred to defendant Myron S. Lewis in violation of the fiduciary duties owed by the trustees to treat the trust estate with the highest degree of honesty and good faith and loyalty to the interests of the trust. It appears from the signatures to the trust indenture that Myron S. Lewis who purchased the mortgaged premises in 1959 signed the trust indenture as an authorized officer for the Standard Brewing Co., Inc., in 1956. Thus there would appear to be an insider sale of the former brewing premises to a former officer of the Standard Brewing Co., Inc. A question might well be presented as to the good faith nature of the sale with respect to the fair market value paid by the defendant purchaser and the provisions made by the corporation to retire outstanding bonds. The trust indenture did not require a sinking fund contributed to periodically which would provide the cash at the maturity of the bonds to redeem them, although reasonable consideration of the interests of the bondholders might have required the maintenance of such a fund in addition to meeting the payments of quarterly interest. Normally, the purchaser would have no duty to see that the bondholders were provided for if he paid fair value for the property under all the circumstances, without collusion. (See *Kirsch* v. *Tozier,* 143 N. Y. 390.) There are many questions presented concerning the underlying facts of the transaction including the provision for bondholders made by the Standard Rochester Brewing Co., Inc., after the sale in 1959 of the mortgaged premises, the reasonableness of the sale price and the reasonableness of the bondholders' trustees agreement to permit the lien of the bond mortgage to expire upon the payment of the $174,000 by the purchaser. A resolution of these questions is necessary in order to judge the conduct of the trustees in approving the sale of the mortgaged premises in 1959 and the conduct of the purchaser with respect to his involvement in the sale, his knowledge of the provisions the corporation would make to retire the bonds and replace the security of the mortgaged premises for the bondholders and his position in and control of the Standard Rochester Brewing Co., Inc., whose bonds were outstanding and which was receiving the installment payments from the purchaser upon the mortgaged premises. These matters should be fully explored at trial and it was error for Special Term to rule as a matter of law that it was beyond the power of the trustees under the trust indenture to approve the transfer in question. The affirmative defenses alleged in defendants' answer were likewise improperly stricken and should remain in the case pending a determination of the trustees,

authority, the propriety of their conduct and the good faith of the purchasers upon a plenary trial. ¶ The motion of defendants Aaron Lewis and Myron S. Lewis to amend their answer to assert two additional affirmative defenses should have been granted. Contrary to the holding of Special Term, the defendants would not have to join the individual bondholders whom they claim are estopped from asserting their rights should the trustees' actions prove invalid and such estoppel may operate as to some of the bondholders without joining such bondholders individually. A similar estoppel was permitted in *Vohmann* v. *Michel* (185 N. Y. 420) as against a beneficiary who was not a party to the action. (Appeal from order of Monroe Special Term granting motion for summary judgment in foreclosure action.) Present — Marsh, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ.