■ MARVIN R. DYE et al, as Trustees, Respondents, v. LINCOLN ROCHESTER TRUST COMPANY, Appellant, et al., Defendants.— Order unanimously reversed on the law and facts, with costs, and summary judgment granted defendant-appellant declaring the mortgage lien of defendant-appellant superior to that of the plaintiffs-respondents. Memorandum: The trust indenture upon its face granted the authority to the predecessor trustees of plaintiffs-respondents to subordinate the lien of the bondholders' mortgage if in the opinion of the trustees such action would not prejudice the security provided for the bondholders. Section 20 of the indenture provides: ¶ " ' Trustees' shall at all times have full power and authority to release, convey or transfer to any party or parties designated by ' mortgagor' or to release from the lien and operation of this indenture and mortgage herein provided, all or any portion of the real property mortgaged hereunder, provided, in the opinion of trustees, same can be done without prejudice to the security herein provided for the bondholders." ¶ There is no duty placed upon third-party mortgagees such as defendant-appellant Lincoln Rochester Trust Company (Lincoln) to see that the trustees replace the mortgaged premises so released with equivalent security for the mortgage bondholders or in some other way provide for such security. If the trust on its face grants authority to subordinate the lien of the mortgage, third-party mortgagees will be protected unless they are apprised of facts and circumstances which should reasonably put them on notice that a breach of trust is involved: ¶ "Persons dealing with a trustee must take notice of the scope of his authority. An act within his authority will bind the trust estate or the beneficiaries as to third persons acting in good faith and without notice, although the trustee intended to defraud the estate, and actually did accomplish his purpose by means of the act in question. It has frequently been held that a person dealing with an executor, administrator or trustee, who, from the nature of his office, or by the terms of the trust, has power to satisfy or transfer the securities of the estate, or to vary the investment from time to time, is not bound to go further and ascertain whether in fact the act of the executor or trustee is justified, and that no breach of trust was intended. It is sufficient for his protection that he acts in good faith, and if the act of the executor or trustee is justified by the terms of the power, the party dealing with him is protected." (*Kirsch* v. *Tozier*, 143 N. Y. 390, 395–396). ¶ There being no allegation or showing of bad faith on the part of defendant-appellant Lincoln, and it appearing to have been the opinion of plaintiffs' predecessor trustees that the agreement subordinating the liens of plaintiffs' mortgage to that of Lincoln would not be detrimental or prejudicial to the security provided for the bondholders, the postponement of mortgage and subordination agreement executed by plaintiffs' predecessor trustees must be found to be valid and effective instruments and the mortgage lien of defendant-appellant Lincoln superior to that of plaintiffs. (Appeal from order of Monroe Special Term, granting summary judgment.) Present — Goldman, P. J., Del Vecchio, Marsh, Gabrielli and Moule, JJ.